## Williams *v.* Graver, and Loecher, Appellant.

[Marked to be reported.]

*Mortgagor and mortgagee—Claim for state tax on mortgage—Receipt for interest—Estoppel.*

Where a mortgage by its terms expressly provides that the state tax shall be paid by the mortgagor, the mere fact that the mortgagee has given a receipt for interest to date will not estop him in a sci. fa. upon such mortgage from collecting all the state tax, remaining unpaid, out of the mortgaged premises and against a subsequent purchaser and terre tenant thereof.

Argued Jan. 12, 1893.    Appeal, No. 118, Jan. T., 1892, by Andrew J. Loecher, terre tenant, from judgment of C. P. No. 1, Phila. Co., March T., 1892, No. 633, against Aaron G. Graver, defendant, with notice to Andrew J. Loecher, terre tenant, sci. fa. sur mortgage.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Sci. fa. sur mortgage for state tax.

The following facts appear from the record:

On April 2, 1892, plaintiff, as assignee of Joseph S. Keen, caused a writ of scire facias sur mortgage to issue out of the court below, reciting an indenture of mortgage dated March 20, 1878, and given by defendant to Joseph S. Keen to secure the payment to said mortgagee, his executors, administrators or assigns, of the principal sum of $2,000, with interest, and "in addition to the said interest all sums which may be assessed by or under the laws of this commonwealth for taxes upon the said loan or sum of $2,000, as upon the said interest whenever and as often as the said taxes shall be payable by the said Joseph S. Keen, his executors, administrators or assigns, without any fraud or further delay;" and providing that if default shall be made in the payment of interest "or in the payment of any sum assessed for taxes as aforesaid for the space of thirty days after notice in writing of its assessment shall be left upon the premises hereinafter described and mortgaged, then and in such case the whole principal debt aforesaid—the said sum of $2,000, lawful money aforesaid—shall, at the option of the said Joseph S. Keen, his executors, administrators or assigns, become due and payable immediately " and providing further that it

shall and may be lawful for the said mortgagee, his executors, administrators or assigns, in case of default in the payment of said principal sum or in the payment of interest, "or of any sum assessed for taxes as aforesaid for the space of thirty days after notice in writing of its assessment shall be left upon the above described premises, to sue out forthwith a writ or writs of scire facias upon this indenture and proceed thereon to judgment and execution for the recovery of the said sum of $2,000, —lawful money aforesaid,—and all interest and taxes due thereon together with an attorney's commission of five per cent on the said principal sum besides cost of suit," etc. And further, reciting an assignment of said mortgage on Feb. 7, 1879, to said plaintiff, and averring default to have been made in the payment of said taxes, "according to the terms and conditions in the said obligation and indenture contained."

A copy of this scire facias was served upon the terre tenant, Andrew J. Loecher, who filed an affidavit of defence setting forth the following defence:

"Deponent paid in lawful money to said plaintiff the full sum of $2,000, the principal of said mortgage and the sum of $61.50, the full interest at the rate of six per cent, accrued, due to March 25, 1892. That said plaintiff demanded in addition the sum of $86.00 to cover alleged payment of taxes by him on account of or upon said mortgage debt. That deponent declined to pay the same, upon the ground that said plaintiff had no claim against deponent for or by reason of any taxes as aforesaid. That when deponent as purchaser of the property covered by said mortgage bought and paid for the same, a receipt was produced by the owner or his agent as follows, viz.: [The receipt was headed 'monthly statement' and was for 'six months' interest' on the house, Sept. 20, 1891.]

"That this deponent relying on said receipt in full to that date for all charges for or on account of reservation of interest and taxes in said mortgage up to said 20th day of September, 1891, made settlement accordingly with the vendor of the property. That deponent was informed and avers that for a number of years statements were made out and receipts given every six months covering every demand made for or on account of the reservation of interest and taxes in said mortgage. The plaintiff, if he ever paid any taxes for or on account of said

mortgage by giving receipts and statements as aforesaid, estopped himself from making any claim for taxes against this deponent who was thereby misled. That said statements and receipts running through a series of years was in effect a waiver of any further claim. But no allegation or averment has been made in this suit of any payment of any taxes by the plaintiff, and deponent is advised that in the absence of such averment no further affidavit of defence is necessary. That if any claims for taxes had been made and the same had not been waived the whole mortgage would have been paid."

A copy of the præcipe for the sci. fa. having been afterwards served upon the terre tenant, specifically claiming $60.00 for ten years, taxes at six dollars per year, averring that they had been paid by plaintiff and also claiming interest and attorney's commission of $100—five per cent on the principal sum which had been paid—defendant filed a supplemental affidavit of defence, averring: "That by the terms of the mortgage the state taxes sued for shall have been assessed under the laws of the commonwealth upon the said loan, and that notice in writing of such assessment shall be left upon the mortgaged premises for the space of thirty days, in order to constitute a default on the part of the mortgagor or his assigns. That no averment is made in the sci. fa. or in the præcipe therefor, of the assessment of said taxes or that notice in writing of such assessment has been left on the mortgaged premises for the space of thirty days. Wherefore deponent is advised and believes that plaintiff is not entitled to judgment for want of an affidavit of defence.

"Deponent further claims that said sci. fa. and præcipe are defective in not stating the time or times of payment of said taxes by said plaintiff, so that said payments may be presumed to have been made in the several years specified, and as to years anterior to six years from the commencement of this suit deponent claims the benefit of the statute of limitation, viz., for the years 1883, 1884, 1885 and 1886.

"Deponent is also advised and believes that if said taxes were assessed in the several years specified, it was the duty of plaintiff to give notice and collect the amounts from the terre tenant for the time being, and that he is estopped by his failure so to do from recovering the same out of the premises in

the possession of this deponent by deed dated September 20, 1891."

A rule for judgment for want of sufficient affidavit of defence was made absolute and the damages assessed at $174.96. The attorney's fee was afterwards reduced to $50.00. The terre tenant appealed.

*Errors assigned* were, (1) making rule absolute ; (2) not discharging rule ; (3) allowing an attorney's commission ; (4) not holding affidavits good ; (5) not holding that sci. fa. and præcipe did not show a good and complete cause of action.

*B. F. Fisher*, *D. H. Stone* with him, for appellant.—Having failed to give notice or to make demand for the amount of the taxes during all these years, plaintiff should be held to be estopped.

The sci. fa. and præcipe, making together plaintiff's claim, are defective in not averring that these taxes had been duly assessed and that the notice had been given. He is therefore not entitled to judgment for want of sufficient affidavit of defence : Byrne v. Hayden, 124 Pa. 177.

An attorney's commission cannot be claimed upon the principal sum, when there is no principal sum to collect.

*George L. Crawford*, *Henry C. Loughlin* with him, for appellee.—The provision for written notice of default in payment of taxes for thirty days applied only to maturing principal.

The mortgage being under seal the taxes due for over six years are not barred from recovery, and, of course, plaintiff's failure to collect the taxes before is no defence.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 23, 1893 :

We think the affidavit of defence in this case was insufficient. The appellant here is the terre tenant of the property bound by the mortgage in question. The said mortgage contains a provision that, in addition to the interest, all sums which might be assessed by or under the laws of this commonwealth for taxes upon the loan secured by said mortgage, should be paid by the mortgagor. This provision could have been seen by the appellant if he had examined the mortgage prior to his purchase of the property. There is nothing to show that he made such examination or any inquiry in regard to it. He claims to have been misled by a receipt for the six months in-

. terest prior to his purchase, which he says was produced and exhibited to him by his vendor. If he was misled by this it was clearly his own negligence. He had no right to assume that because the interest was paid up to the time of his .purchase, the taxes or any other liability under the mortgage had also been paid, nor can we say that the receipt for the interest created any presumption that the taxes referred to in the mortgage had also been paid. There was no deception practiced upon the appellant, and, as before observed, if he was misled it was his own negligence. It may be and probably is a hard case, but we see no way to relieve the appellant.

Judgment affirmed.