# Fox, Appellant, *v.* Helmuth.

*Mortgage—Production of tax receipts—Covenant—Installment mortgage.*

Where an installment mortgage contained a covenant for the production of tax receipts for each year on or before a day named under penalty of the whole debt becoming due, and it appears that the installments were properly paid, but in a particular year there was a default in the payment of taxes and the production of tax receipts, and judgment thereupon was entered on the bond, but before execution issued the taxes were paid, the court will stay an execution issued thereafter, although the plaintiff had no notice of the payment of the taxes.

Argued Oct. 19, 1904. Appeal, No. 7, Oct. T., 1904, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1903, No. 3992, making absolute rule to stay execution in case of G. Percy Fox v. Oliver Helmuth and Mary A. Helmuth. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to stay execution.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Alex. Simpson, Jr.,* with him *Samuel F. Clevenger,* for appellant.—What the court below did was not to prevent a forfeiture, for not one penny of penalty is exacted, but to attempt to

make a new contract for the parties.   Lenders may be quite willing to loan to prompt paying debtors, and to continue their loans with such debtors.   The court has no right to compel them to continue their loans, any more than to make loans for them, with any other class.   Here it is admitted that the debtor, who agreed to pay his taxes and produce the receipts on or before November 1, did not in fact pay them until December 1, after judgment was entered, and never produced the receipts at all.   What right, therefore, had the court to compel us to continue our debt to him against our consent ?   See Williams v. Graver, 152 Pa. 571 ; Huntington Bldg. Assn. v. Melsheimer, 14 W. N. C. 344 ; Smith v. Hooton, 3 Pa. Dist. Rep. 250 ; Teufel v. Rowan, 179 Pa. 408 ; Malone v. R. R. Co., 1 Clark, 380 ; Thompson v. Johnson, 1 Phila. 506 ; Robinson v. Loomis, 51 Pa. 78 ; Holland v. Sampson, 5 Cent. Repr. 533 ; Warwick Iron Co. v. Morton, 148 Pa. 72; Atkinson v. Walton, 162 Pa. 219 ; Becker v. Smith, 59 Pa. 469 ; Brown v. Vandergrift, 80 Pa. 142.

*Edmund Randall,* with him *Charles B. Harding* and *James A. Flaherty,* for appellees.—The failure of appellees to produce the tax receipt did not create a technical forfeiture, it is true, but it amounted to the same thing : Huntington Bldg. Assn. v. Melsheimer, 14 W. N. C. 344 ; Shaw v. Wellman, 59 Hun (N. Y.), 447 (13 N. Y. Supp. 527).

No notice was given by appellant that he elected to treat the default of not producing the tax receipt as a forfeiture ; this was necessary before he could take action on the bond : Noonan v. Lee, 67 U. S. 499.

In the construction of the covenant to produce the tax receipts equity will always look to the intention of the parties in making it : 1 Addison on Contracts, * 181 ; Ellis v. Lane, 85 Pa. 265 ; Smalley v. Renken, 52 N. W. Repr. 507 ; Shaw v. Wellman, 59 Hun (N. Y.), 447 (13 N. Y. Supp. 527) ; McNeil v. Amey, 2 W. N. C. 65.

OPINION BY ORLADY, J., January 17, 1905 :

The defendants executed a bond, with a warrant of attorney, accompanying a mortgage, in which they promised to pay to the plaintiff $1,000, within nine years from its date (May 5,

1893), in monthly installments of not less than $10.00 each, and providing " that if at any time default shall be made in production to the obligee, . . . . on or before the first day of November of each and every year of receipts for taxes of the current year assessed upon the premises, then and in such case the whole principal debt shall at the option of the obligee . . . . become due and payable immediately, and payment of the principal debt and interest may be enforced and recovered at once."

The installments were paid regularly each month, the last payment being made on November 14, 1903. The receipts for taxes of the current year were not produced on November 1, 1903, and on November 27 the plaintiff caused a judgment to be entered on the bond and warrant of attorney. On December 1, the defendant paid all taxes, but did not notify the plaintiff of the fact nor produce to him the receipt. On December 3, averments of default were filed and an execution issued on the judgment. On December 10 a rule was granted to show cause why the execution should not be stayed, etc., which was afterwards made absolute.

That performance at a day named may be made of essence in a contract is too well settled to be disputed. A formal demand for the tax receipt was not necessary, inasmuch as the parties made their contract without providing for such a demand. It must also be accepted as the law that the actual intention of the parties at the time of contracting is the chief guide in the construction of their contract, and if this can be ascertained and is lawful it must govern. In cases of this character equity follows the law and will enforce a covenant of forfeiture, however harsh it may appear, if it is essential to do justice. Whether the entry of judgment and issuing an execution thereon be called a penalty, a forfeiture, or a privilege for demanding the whole of the debt, it is, in its effect, in the nature of a forfeiture, as the term of the mortgage debt is canceled by making the whole sum become due and payable immediately. The circumstances show that the parties intended the payment of the installments as they matured to be the principal and primary purpose of the mortgage. A default of thirty days in the payment of interest after its maturity was permitted. The covenant to produce on a day certain the tax receipts of the current year was collateral to the main purpose. In the cases

relied on by the appellant, (Robinson v. Loomis, 51 Pa. 78 ; Brown v. Vandergrift, 80 Pa. 142 ; Warwick Iron Co. v. Morton, 148 Pa. 72 ; Williams v. Graver, 152 Pa. 571 ; and Atkinson v. Walton, 162 Pa. 219), there was a default in payment of either debt or interest, and in Girard Life Ins. Co. v. City of Philada., 88 Pa. 393, three years' water rents with penalties were in arrears, before a forfeiture was declared and sustained.

When the plaintiff relied upon the strict wording of the bond he took the risk of the subsequent intervention of a court of equity. In Jones v. Scott, 209 Pa. 177, the defendant defaulted on his fifth monthly payment, and the court said, " the reclamation of the land was only incidental and secondary to the main purpose of securing payment of the money," and stayed the proceedings to retake the land. In this case the installment of debt was received by the plaintiff within the stipulated time, but after the date when the receipt for taxes should have been exhibited, and the taxes were in fact paid before the execution was issued, by which the security of the plaintiff was fully restored and the purpose of the covenant having been accomplished, the court did not err in staying the execution.

The judgment is affirmed.