# Booth *v.* Wolff Process Leather Company, Appellant.

*Mortgage—Nonpayment of taxes—Principal becoming due—Assignment.*

1. A provision in a mortgage that a failure to pay taxes on mortgaged premises shall make the whole of the principal debt due, is a proper provision and will be enforced.

2. On a scire facias sur mortgage, the fact of the existence of an unrecorded assignment is no defense where it appears that the assignment had been executed in order to facilitate the carrying out of an agreement which had been in contemplation but had been abandoned and never went into effect, and that the assignment had not been delivered, that it transferred no right, and that it was in the absolute possession and control of the plaintiff by whom it was produced.

*Practice, C. P.—Rules of court—Construction of rule—Affidavit of defense—Trustee in bankruptcy.*

3. A rule of the court of common pleas was as follows: " An affidavit of defense shall be required from executors, administrators, guardians, committees and others sued in a representative capacity. Provided, that an affidavit by the defendant in such cases, stating that he has made diligent inquiry and has not been able to obtain sufficient information to enable him to set forth particularly the nature and character of the defense, but that he believes there is a just and legal defense, shall be deemed a sufficient compliance with the rule." The court decided that the proviso did not apply to a trustee in bankruptcy.

*Held,* that such a trustee had no standing to dispute the court's construction of its own rule.

Argued March 23, 1909. Appeal, No. 15, Jan. T., 1909, by defendant, from order of C. P. No. 2, Phila. Co., June T., 1908, No. 3,842, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Alfred Booth et al., trading as A. Booth & Company, v. Wolff Process Leather Company, Mortgagor, and Benjamin H. Ludlow, Trustee, Real Owner. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense on a scire facias sur mortgage.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Humbert B. Powell,* for appellant.—The legal title cannot exist at the same time, both in the assignor and assignee: Pryor v. Wood, 31 Pa. 142; Pepper's App. 77 Pa. 373.

A rule of court has the force of law and is binding on the court as well as upon the parties: North Whitehall Twp., 47 Pa. 156; Schrimpton v. Bertolet, 155 Pa. 638; Com. v. B. & L. Assn., 31 Pa. C. C. Rep. 235.

*W. Horace Hepburn,* for appellees.

OPINION BY MR. JUSTICE FELL, May 10, 1909:

This appeal is from an order making absolute a rule for judgment for want of a sufficient affidavit of defense in an action on a mortgage. The mortgage was payable in four yearly installments and it contained a provision that, in the event of default in payment of an installment or of interest or of taxes on the property mortgaged, the whole of the principal debt should become due. This provision was set out in the scire facias and it was alleged in the writ that default had been made in the payment of an installment of the principal and in the pay-

ment of taxes assessed against the mortgaged premises. No
defense was made by the mortgagor. Four affidavits of de-
fense were filed by his trustee in bankruptcy, the terre-tenant,
and a rule was taken by him for the production of papers.
These affidavits, with the answer to the rule and the copies
of the papers produced, make a voluminous record of some
forty pages, the details of which it is unnecessary to discuss.
The attempt of the defendant was to set up a new agreement,
changing the time for the payment of the installments of prin-
cipal, under which there had been no default in payment. If
it be conceded that such an agreement went into effect, and
the averment of its delivery appears to have been studiously
avoided, the allegation that the taxes for the preceding year
were unpaid remains undenied. The fact of the nonpayment
of the taxes made the whole of the principal debt due accord-
ing to the terms of the mortgage, and this without regard to
the other question in the case: Williams v. Graver, 152 Pa.
571.

There are two grounds of defense argued that may be briefly
noticed. One is that the mortgage had been assigned before
suit brought by the plaintiff. This allegation was based on the
fact that an unrecorded assignment was produced with other
papers by the plaintiff in response to the rule taken by the de-
fendant. But the answer to the rule contained an averment
that the assignment had been executed in order to facilitate
the carrying out of an agreement which was in contemplation
but was abandoned and never went into effect, and that the
assignment had not been delivered; that it transferred no
right, and that it was in the absolute possession and control
of the plaintiff, by whom it was produced. If the defendant
had any fears that his knowledge of the existence of an un-
recorded assignment exposed him to the danger of a second
action, he could readily have resolved the doubt by inquiry
of the assignee named.

The second ground is that the averments in the third affi-
davit of defense of the defendant's belief that he had a just
and legal defense to the mortgage and that he had made dili-
gent inquiry and had not been able to obtain sufficient in-

formation to enable him to set forth particularly the nature and character of the defense were sufficient to prevent judgment under rule 3 of the court. The section of the rule referred to is as follows: "An affidavit of defense shall be required from executors, administrators, guardians, committees and others sued in a representative capacity: Provided, That an affidavit by the defendant in such cases, stating that he has made diligent inquiry and has not been able to obtain sufficient information to enable him to set forth particularly the nature and character of the defense, but that he believes there is a just and legal defense, shall be deemed a sufficient compliance with this rule." The court of common pleas has not construed this section to apply to a trustee in bankruptcy and there are obvious reasons why it should not extend to him, since he may possess himself of all the knowledge the bankrupt has. Manifestly we would not be warranted in holding that the court erred in the construction of its rule.

The judgment is affirmed.