## Lehnert, to use, v. Newark Realty Co., Inc., et al.

*Dillinger & Schneller*, for plaintiff; *Groman & Rapoport*, for defendants.

RENO, P. J., June 16, 1930.—The mortgage contained, *inter alia*, the usual insurance clause and "for the production [to the mortgagee] on or before the first day of August of each and every year, all receipts for all taxes of the current year assessed upon the mortgaged premises."

Execution was issued upon the bond accompanying the mortgage and the condition alleged to have been broken was the failure to pay taxes in 1928 and 1929. Various reasons for opening the judgment have been alleged, but the sole question raised by the depositions relates to the payment of the taxes.

It is quite clear that as to the taxes for 1929 the defendants have not met the requirements of the burden of proof. Their obligation is to produce the tax receipts. In view of the conflict of interests between defendants and the death of the tax collector in Catasauqua, we can understand the difficulties encountered by petitioners in securing proof of the fact of payment. But it is quite clear, we think, that the 1929 taxes have not been paid, and certainly defendants have not produced receipts showing such payment. In these circumstances, plaintiff must be allowed to proceed with the execution.

Fox v. Helmuth, 27 Pa. Superior Ct. 81, upon which petitioners rely, does not rule the case at bar. There, in a somewhat similar situation, the taxes were actually paid, although paid after the execution was issued. Had that fact appeared here, we would have been free to follow the Fox case. Without that fact, plaintiff must no longer be restrained in the exercise of his right to collect.

Now, June 16, 1930, the rule to show cause why the judgment should not be opened is discharged.

From Edwin L. Kohler, Allentown, Pa.