## Harrison Bros. & Co., Inc., Assignee, v. Hartley

*Thomas Hallman* and *Raymond Pearlstine*, for plaintiff.

*James H. Egan* and *E. William Pyle*, for defendant.

DANNEHOWER, J., March 12, 1936.—In this sci. fa. sur mortgage proceeding, the plaintiff, who is the owner by assignment from a joint mortgagee of an undivided one-

third interest in a mortgage, has filed this rule for judgment for want of a sufficient affidavit of defense. The real owner filed the only affidavit of defense; the mortgagor, the other party defendant, filed none.

Admitting, for the purpose of this rule, all the sufficiently pleaded averments contained in the affidavit of defense, the sci. fa. sur mortgage statement and the affidavit of defense disclose the following facts:

1. On July 1, 1926, Frank H. Mahan executed and delivered to Laura M. Hartley and Marion B. Hartley his bond, secured by a mortgage in the sum of $67,500, upon certain real estate situate in Lower Merion Township, Montgomery County, Pennsylvania. The mortgage was duly recorded in Mortgage Book no. 1100, page 170.

2. On September 22, 1931, Marion B. Hartley, then Marion Hartley Kelly, by assignment of mortgage duly acknowledged, executed, and delivered, assigned all her right, title, and interest, being a one-third undivided interest in said mortgage, to the plaintiff, for the mentioned consideration of $18,000. Said assignment was duly recorded on September 23, 1931, in Mortgage Book no. 1356, page 538.

3. On April 30, 1934, Laura M. Hartley, owner of two thirds of said mortgage, purchased, from the trustee in bankruptcy of Frank H. Mahan, the real estate covered by said mortgage, and thus became the real owner of the premises.

4. The sci. fa. sur mortgage statement avers that default has been made in payment of principal, one third of $67,500, or $22,500, and interest from September 22, 1931, $4,500, and failure to produce tax receipts. Marion Hartley Kelly has not been named as a party to the proceedings, nor has she intervened.

5. The affidavit of defense, filed by Laura M. Hartley, real owner, "denies that default has been made in the payment of principal and interest, denies that the principal of $22,500, or interest of $4,500, or attorneys' com-

missions of $1,125 are due and owing" and then avers in great detail that the assignment from Marion Hartley Kelly to the plaintiff was fraudulent, and not bona fide, that the consideration was not $18,000, but only $800, of which $240 was retained by plaintiff as usurious interest, and that the assignment was made as collateral security for said loan of $800.

There is no averment as to when, how, or by whom any payment on account of principal or interest was ever made, and nowhere in the entire affidavit of defense is there a denial that taxes were not paid or tax receipts produced in accordance with the terms of said mortgage. The affidavit of defense concludes "that plaintiff does not have such ownership in and title to the aforesaid mortgage as will substantiate the present foreclosure proceedings and, therefore, the said proceedings are illegal and should be set aside and vacated."

6. Plaintiff's assignor, Marion Hartley Kelly, has not appeared nor has she attacked the assignment in any way.

The reasons advanced by plaintiff in support of the rule for judgment for want of a sufficient affidavit of defense are that the affidavit of defense is general, indefinite, evasive, insufficient, and sets up no real defense; that the real owner cannot collaterally attack the assignment to the plaintiff averring lack of consideration and fraud; that usury is a defense personal to plaintiff's assignor; and that the pledgee of a mortgage has the right to foreclose it.

There are many collateral issues raised by these facts, but there are only three main questions for decision:

1. May an assignee of an undivided one-third interest in a mortgage maintain foreclosure proceedings for the whole of the premises against a comortgagee who owns a two-thirds undivided interest in the mortgage, and who has acquired title to the mortgaged premises and become real owner?

2. May said real owner defend by attacking the validity of the assignment?

3. May a pledgee of a one-third undivided interest in a mortgage foreclose, upon default in the terms and conditions of said mortgage?

In answer to the first question, we will quote the general rule in 41 C. J. 782, sec. 879:

"Where the equity of redemption is conveyed to one who holds a portion of the mortgage debt, or an undivided interest therein, his interest under the mortgage will generally merge in the fee, while the land as a whole remains liable for the satisfaction of the rest of the mortgage debt, unless there is an intention on the part of such purchaser, consistent with the equities of other parties concerned, to keep his portion of the mortgage alive."

Therefore we reach the conclusion that there will be a merger only to the extent that the mortgagee has acquired the equity, and his purchase of the equity of redemption will not constitute a complete merger unless he holds all of the debt secured by the mortgage. If any of the outstanding debts are held by others, their rights are preserved and remain intact and the merger takes place, if at all, only subject to those rights or to the satisfaction of the unpaid debts. See also Wallace v. Blair et al., 1 Grant 75.

In deciding the second question, it should be clearly borne in mind that the validity of the mortgage is not questioned. The real owner has attacked the validity of the assignment of the one-third undivided interest in the mortgage on the grounds of fraud, failure of consideration, and usury. The assignor, a comortgagee, has not appeared, has not questioned the assignment to which she was a party, and is the only other party who can properly question the validity of the assignment. We deem it sufficient, for the assignee to sustain this action, to show that the debt is due and has been assigned to the plaintiff, and the mortgagor or real owner can only arrest the action by paying or tendering and bringing into court the amount due. It is also well settled that a defense of usury is per-

sonal and applies only to the parties to the transaction and cannot be raised by a terre-tenant: Begelfer v. Rhoads, 11 D. & C. 405; Stayton, to use, v. Riddle et al., 114 Pa. 464. In view of these reasons, the defense attempted to be set up in regard to the validity of the assignment is collateral, insufficient, and cannot avail the real owner.

The defendant contends that the plaintiff, while holding an assignment absolute on its face of a one-third undivided interest in the mortgage, holds the assignment as collateral security for a debt. This contention has been answered in the case of The Gettysburg Railroad Co., 65 Pa. 290, and the recent case of Gordon v. Mohawk Bond & Mortgage Co., 317 Pa. 257, which hold that a pledgee of a mortgage has the right to foreclose it, even though the contract of the pledge authorizes the pledgee only to sell it.

The affidavit of defense also denies that default has been made in payment of principal and interest, but fails to set forth where, when or how payment was made. Such bald denials are insufficient, and, furthermore, the sci. fa. sur mortgage sets forth a default in the production of tax receipts and defendant has completely failed to answer or deny this averment. It must therefore be taken as admitted. This failure of itself gives the right to foreclose the mortgage: Booth v. Wolff Process Leather Co., 224 Pa. 583.

If all the statements made by counsel for the defendant in his oral argument and in his written brief are true and correct, the assignor has been taken advantage of and been imposed upon. She has her remedy by attacking and endeavoring to set aside the assignment.

For the foregoing reasons, we conclude that the affidavit of defense is insufficient to prevent summary judgment.

And now, March 12, 1936, plaintiff's rule for judgment for want of a sufficient affidavit of defense is hereby made absolute.