10w 51‸
d225 ¹180

## Castle *against* Reynolds.

A judgment note for a partnership debt, given by a surviving partner, in the name of the firm, viz: " D. Reynolds & Co.," D. Reynolds being then deceased, is void as a judgment, not only against the estate of the deceased, but also as against the surviving partner who gave it.

*Quære?* What would have been the effect, as to the survivor, of an averment that he, by the name of D. Reynolds & Co., had signed the note.

ERROR to the common pleas of *Luzerne* county.

Edward H. Castle against David Reynolds & Co.    John Brink and David Reynolds were partners in a contract with the Lehigh Coal and Navigation Company, for making a railroad.    The plaintiff, Edward H. Castle, was a creditor of the partners, and after the death of David Reynolds, he had a settlement with Brink, the surviving partner, in which a balance of 365 dollars 43 cents was found to be due to the said Castle, and for which Brink gave him a note, with a warrant of attorney, to confess judgment against them, signed "David Reynolds & Co."    Upon this a judgment was confessed, and a *fieri facias* and attachment issued against David Reynolds & Co., which was levied upon debts due to the firm by the Lehigh Coal and Navigation Company.    The Messrs. Shoemaker, who claimed the fund in the hands of the Lehigh Coal and Navigation Company, came into court, and moved to set aside the execution on the ground of the irregularity, David Reynolds being dead when the judgment was entered and execution issued.

*Jessup*, President.—" The whole proceedings are too irregular to be sustained, and if the rule asked for setting aside the judgment, as well as the proceedings thereon, the court would feel bound to do it.    The applicants for the rule, however, say that as their interests are only affected by the execution, they have no disposition to disturb the judgment.    That an execution issued after the death of the defendant is irregular, appears to the court perfectly manifest, and the fact that the judgment was entered after the death does not aid the execution.

" The rule for setting aside this execution is therefore made absolute."

*Woodward*, for plaintiff in error, cited 3 *Carth. Rep.* 404.

*Butler*, for defendant in error, whom the Court declined to hear.

The opinion of the Court was delivered by

Huston, J.—There can be no doubt on this case, from the whole of which, as well as the agreement of the counsel here, it appears

that David Reynolds and John Brink were partners in making a railroad; David Reynolds died; after this Brink settled with the plaintiff, and gave the note in question, signed David Reynolds & Co., and a power to enter judgment. This was entered, and execution issued, and, under a late act of assembly, an attachment, on which money due Reynolds and Brink, from the company, for which they were making the road, was attached.

Now, it is not necessary to state, that after the death of David Reynolds, none but his executor or administrators, or surviving partner, acting as such, could give a note or obligation, which would bind his estate, or could confess a judgment, which, as respects his estate or representatives, would be any thing else than void. The death before the date of the note or judgment is conceded. A judgment against D. Reynolds & Co., without more, or any allegation as to who was his partner, is only a judgment against D. Reynolds. It is not necessary to inquire what would have been the effect of an averment, that John Brink, by the name of D. Reynolds & Co., had signed this note and power to enter judgment, because nothing like this was done.

Nor is it material to inquire whether, if John Brink, as surviving partner, had given the note and empowered the plaintiff to enter judgment, and on that an execution and attachment had issued, the debts due Reynolds and Brink could have been taken to pay their debts. Nothing like this was done.

On the facts of this case, the court were right in setting aside the execution and attachment, and in saying that they would have set aside the judgment also, if requested.

A judgment obtained by trial and verdict is, except in very special cases, out of the power of the court, after the term at which it was entered; but a judgment confessed by the party or entered by counsel, on a warrant to confess judgment, or, under an act of assembly, entered by the prothonotary, is more under the power of the court. Though considered as done by the direction of the court, and their act, for the purpose of binding real estate and justifying the officer who acts under an execution issued on it; yet it is often opened to let the party into a defence, or entirely annulled and set aside by the court. Where a defendant, or third persons, whose interest it is intended to affect by it, apply to the court, it may be necessary to have an issue to ascertain the facts, but not to ascertain what the law is on facts as found; but where the facts are clearly proved, and not denied, or are agreed on or admitted, as in this case, the court at once acts on them, and decides on the regularity or legality of the judgment, and in this case they decided correctly.

Judgment affirmed.