# Appeal of the First National Bank of Muncy.

1. Upon a petition and rule to show cause why a revived judgment shall not be opened and the defendant let into a defence, the court may extend the operation of the rule, to the opening of the original judgment, so as to reach the whole case and give the defendant such relief as he is entitled to, under the testimony.

2. Under the Act of April 4, 1877, (P. L., 53), providing for an appeal from a decision of a court, ordering the opening of a judgment entered by virtue of a warrant of attorney or on a judgment note, the appeal must be taken before a revival of such judgment by scire facias. The Act does not extend to judgments upon scire facias to revive, and an appeal, after such revival, although it be from the opening of the original judgment, will be quashed.

March 17, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

APPEAL from the Court of Common Pleas of *Sullivan County;* Of January Term, 1884, No. 366.

This was an appeal by the First National Bank of Muncy from a decree of said court opening a judgment entered therein, in favor of Edward Lyon agaist Griffith Phillips.

On February 17, 1869, Phillips gave Lyon his judgment note for $800, and on February 19, 1869, the prothonotary entered judgment thereon to No. 53 February Term, 1869. This judgment was revived by scire facias issued February 19, 1874, to No. 89 February Term, 1874, and judgment, for $467.76, entered March 4, 1876, for want of an affidavit of defence, Lyon having directed the prothonotary to allow a payment of the date of April 1, 1873, of $600. A scire facias was again issued to No. 35 February Term, 1881 to revive the above judgment of No. 89 February Term, 1874.

Pending proceedings on this last scire facias, to wit: on December 23, 1881, Phillips filed a petition for a rule to show cause why the judgment No. 89, February Term, 1874, should not be opened and the defendant let into a defence. This rule was granted, and after the filing of depositions and argument, the court entered the following opinion:

"The original judgment in this case was entered on a single bill dated February 17, 1869, for $800. It was revived by scire facias, March 4, 1876, for want of an affidavit of defence the amount to be ascertained by the prothonotary; the attorney for plaintiff directing a credit of $600 of the date April 1, 1873. The defendant, in his depositions, alleges a payment of eight hundred dollars of the date when only six hundred dollars are allowed, and as corroborative evidence exhibits its check drawn by him in favor of plaintiff, on Powell & Co., Bankers, dated April 1, 1873, for $800, which bears the endorsement of the plaintiff and evidence of payment at the bank. This affords evidence to corroborate the testimony of the defendant, and, with the additional evidence of other witnesses, clearly indicates disputed facts which ought to go to the jury. The testimony of the defendant in regard to the original note, is that it was not for an adjusted amount; that there were accounts between them; that when he signed it he was so far intoxicated as to be incapable of transacting business; that accounts continued between them, and that Lyon told him he held the notes merely as collateral; that the accounts were paid, and Lyon had agreed to put the payments on the docket. That part of this testimony which relates to the defendant's condition when the note was signed is corroborated by David J. Phillips, and the signature itself, when compared with defendant's signature to other notes, tends to corroborate defendant's testimony. It is not for the court to decide upon the weight of this testimony, further than to say it raises a question of fact to be submitted to the jury."

The court accordingly made the following order:—"The original and revived judgments are opened and the defendant let into a defence. An issue to be framed; the note to stand for plaintiff's statement, and defendant's plea to be ' nil debet, payment with leave, &c.' " Whereupon the Bank, which had issued an attachment execution on a judgment which it held against Lyon and summoned Phillips as garnishee, took this appeal assigning for error the order of the court opening judgment No. 53, February Term, 1869.

*Clinton Lloyd* and *E. M. Dunham*, (with whom was *W. E. Crawford*,) for appellant.—Proceedings in opening judgments are in the nature of bills of equity; and there can be no authority for a court to make an order opening a judgment until a petition has been duly presented to the court, and a rule to show cause been granted upon which the defendant has had an opportunity to be heard. In this case, however, the court made an order opening the judgment and letting the defendant into a defence without any previous petition,

rule or request, simply upon evidence of defendant taken in another rule and application to open another judgment. Depositions were taken by the plaintiff below in reference to the case referred to in the petition, and upon the strength of the defendant's petition alleging payments made and to be applied upon the judgment, we did not offer any proof, in reference to the validity of the original judgment, and never knew or had any reason to suppose there would be any attempt made to open it, till the court made their order.

*Ellery P. Ingham* (with whom were *A. Logan Grim* and *Oliver H. Reighard*) for appellee. Since the Act of April 4, 1877 (P. L., 53) an appeal may be taken from an order opening a judgment. But on an application to open a judgment, it is proper for the court to weigh the evidence and to decide according to the preponderance thereof, and the Supreme Court will not reverse for the exercise of a sound discretion: Wernet's Appeal, 10 Norris, 322; Earley's Appeal, 9 Norris, 323. This was an equitable proceeding; the petition and rule were equally upon the original and the revived judgments and the evidence disclosed gross fraud and trickery. Upon the hearing of the rule the court had the right in the exercise of a sound discretion, to do equity by opening the original judgment.

Mr. Justice CLARK delivered the opinion of the· court, April 7, 1884.

This appeal is taken from the decree of the Court of Common Pleas of Sullivan County, opening a judgment entered in said court, in favor of Edward Lyon, to the use of the First National Bank of Muncy, against Griffith Phillips.

The judgment was originally entered on the 19th February 1869, upon a single bill, with warrant of attorney annexed, to No 53 February Term 1869, for the sum of $800; it was revived by *scire facias*, issued on the 19th February 1874, to No. 89 February Term, 1874; judgment entered March 4, 1876 for $467.76. A *scire facias* was again issued to No. 35 February Term, 1881, but before judgment, a rule was entered to show cause why the judgment, entered March 4, 1876, should not be opened and the defendant let into a defence. Upon examination of the testimony taken upon this rule, the matters urged by way of defence were found to go to the merits of the original judgment, entered to No. 53 February Term 1869, whereupon the court in the exercise of its discretion, under a power which it undoubtedly possessed, opened not only the judgment upon the *scire facias* but the original judgment also, and the defendant was let into a full defence. The

opening of a judgment as we have said in a great many cases, is a matter for the exercise of the sound discretion of the court; the Act of 4th April 1877, which provides for an appeal, has not changed the law in that respect: Earley's Appeal, 9 Norris, 321. Where an appeal is authorized, the only question which can arise for determination in this court is, whether that discretion has been rightly exercised.

It is true the defendant's application extended to the judgment on the scire facias only, but we do not regard the action of the court as being in excess of its powers on that account. In an application to open one judgment the court might not perhaps open another which is altogether distinct and independent from it; but the original judgment here was the basis upon which the revived judgment rested; it constituted the cause of action upon which the scire facias proceeded; the entire record of both was but the record of one cause. The opening or reversal of the revived judgment it is true would not disturb the original but it was certainly within the equitable powers of the court, in this form of proceeding, to extend the operation of the rule, so as to reach the whole case and give the defendant such relief as by the testimony he was shown to be entitled.

Moreover the Act of 4th April 1877, which provides for an appeal, only extends to decisions of the court in the opening of judgments, "entered by virtue of a warrant of attorney or on judgment notes" where the defendant has neither hearing nor notice; it does not extend to judgments revived by *scire facias* as the reason for its enactment does not there exist. In Lamb's Appeal, 8 Norris, 407, the application was by the defendant to open the original judgment entered upon a judgment note, and also a series of revivals thereof; it was there held that the Act was intended to apply only to judgments remaining unchanged by subsequent judicial proceedings, and when the defendant never had his day in court. A judgment upon a scire facias duly served, whether taken for want of an appearance, plea, or affidavit of defence, or by confession in the ordinary form, is not a judgment entered upon a warrant of attorney; to secure the right of appeal the remedy must therefore be exercised before revival; for, as the present Chief Justice said in Lamb's Appeal, supra, "it would be a strange application of equitable principles to hold that no appeal will lie for a refusal to open the revived judgment, yet that it will to a refusal to open the original judgment on which the latter judgment rests."

It is equally clear that if in such case the defendant can have no appeal, in the event of a refusal to open, the plaintiff

[Dampf's Appeal.]

can have none when the decision is otherwise. It follows therefore that the appeal in this case is not authorized by law.

Appeal quashed.