## S. Abeles, trading as S. Abeles & Company *v.* Francina D. Powell, Appellant.

*Promissory note—Married woman as guarantor—Affidavit of defense.*

In a suit on a promissory note signed jointly by husband and wife an affidavit, on behalf of the wife, is sufficient, which avers coverture, no indebtedness to the plaintiff, and that the wife signed the note upon which suit is brought as a guarantor.

*Practice, Superior Court—Appeal—Refusal to open after term expired.*

The court below is without authority to open a judgment after the end of the term at which it was rendered, unless it be a judgment by default or confession, which every court has power to open without limit of time, in order to give the parties a hearing or trial.

A judgment for want of a sufficient affidavit of defense is not a judgment by default or confession.

Argued Oct. 15, 1897. Appeal, No. 113, Oct. T., 1897, by Francina D. Powell, one of the defendants, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1896, No. 1171 for want of a sufficient affidavit of defense, and from order of discharging rule to open judgment and quash attachment and let defendants' into a defense, proceedings to stay. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpt on promissory note signed by Francina D. Powell, and Samuel Powell.

**124** ABELES *v.* POWELL.

Statement of Facts—Assignment of Errors. [6 Pa. Superior Ct.

Suit was brought on a promissory note signed by Francina D. Powell and Samuel Powell. Francina D. Powell, one of the defendants, filed an affidavit of defense as follows:

"Francina D. Powell, one of the defendants in the above stated action, being duly sworn, says that she has a true, just and legal defense to the whole of the plaintiffs' claim of the following character, to wit: That she, the deponent, is the wife of Samuel Powell, one of the defendants above-named. That she is not indebted to the said plaintiffs in the above suit in any sum and never was, but, that after the making of the said promissory note by her husband, which is the subject of this suit, a representative of the payees in the said promissory note, called upon her at her residence, and alleged that it was necessary to have deponent affix her name to said note, thereby inducing her to sign as a guarantor, and as she is advised by counsel and verily believes is prohibited by the act of general assembly, approved June 3, 1887. Deponent further avers, that she is informed and verily believes and expects to be able to prove on the trial of the cause, that the above-named plaintiffs are not the bona fide holders of said promissory note, but that the same is in the possession of the payees, as in the said obligation named. All of which deponent says is true."

The court entered judgment for want of a sufficient affidavit of defense. Subsequently, after the expiration of the term on which the judgment was entered, a rule was taken to open the judgment and quash an attachment, and let defendants into a defense, which rule was discharged in an opinion by the court below, as follows: "After consideration of the depositions in the above case, the rule to open the judgment is discharged. The court is of the opinion that under the authority of Hill v. Egan, 2 Pa. Superior Ct. 596, it is too late to open the judgment."

Damages were assessed under the judgment in favor of the plaintiff for $398.97. Defendant, Francina D. Powell, appealed.

*Errors assigned* were (1) In entering judgment against Francina D. Powell for want of a sufficient affidavit of defense. (2) In discharging the rule to open the judgment and let defendant, Francina D. Powell, into a defense.

*Wm. F. Johnson*, for appellant.—Prior to the passage of the Married Person's Property Act of June 3, 1887, P. L. 332, a joint promise by the husband and wife was declared to be, in law, but the promise of the husband: Cummings v. Miller, 3 Grant, 146.

Whilst the act of 1887 was expressly repealed by the Act of June 8, 1893, P. L. 344, the proviso that nothing therein contained shall enable a married woman to become accommodation indorser or surety for another was, practically, word for word, retained in the latter act.

The burden is on the wife when she seeks to avoid her contract to bring it within one of the few exceptions of the act: Patrick v. Smith, 165 Pa. 526. And while it is to be regretted that the affidavit of defense was not drawn with more care, its inartificiality does not obscure its intent and the facts relied upon, in the language of Patrick v. Smith, avoid the contract and bring it in within one of the exceptions.

*Thomas Leaming*, for appellee.—The affidavit of defense was insufficient. The averments in the affidavit are simply (1) a general denial of indebtedness; (2) the statement that appellant signed the note at the request of payees; (3) averment of the naked conclusion that she signed as "a guarantor."

It is fully apparent that such an affidavit is absolutely lacking in the essentials always required by the courts of this state. There is no averment of the particular facts and the transaction upon which was based defendant's contention that she signed as "a guarantor." And to simply aver what is a mixed conclusion of law and fact is never held sufficient in an affidavit of defense, as is often exemplified in affidavits which aver " fraud," and do not state the particular facts which constitute the alleged " fraud."

The wisdom of the principle compelling defendants to aver with particularity the facts on which they rely, is exemplified by this case. For, the facts brought out upon appellant's depositions show that her case is without a shadow of merit, and it is unnecessary to further argue the case upon what was intended by the affidavit, when all the facts are before this court.

OPINION BY SMITH, J., December 13, 1897:

The appellant, a married woman, was sued jointly with her

husband on a promissory note signed by both. Judgment was taken against him for want of an affidavit of defense. The appellant filed an affidavit of defense setting up her coverture, and alleging that she is not indebted to the plaintiff in any sum and never was, and that she signed the note as guarantor. A rule for judgment for want of a sufficient affidavit of defense was granted, returnable February 20, 1897. This rule was duly served on appellant's attorney of record and on the return day it was made absolute, neither the appellant nor her counsel being present. A fi. fa. was afterwards issued and returned nulla bona, and, subsequently, an attachment execution was issued returnable the first Monday of April, under which funds of the appellant were attached. On March 31, 1897, a rule to open the judgment and to quash the attachment proceedings was granted. Depositions in support of the rule were submitted, and, after argument, it was discharged, because, in the opinion of the court, "under the authority of Hill v. Egan, 2 Pa. Superior Ct. 596, it is too late to open the judgment." Whereupon the present appeal was taken.

It is clear that the court below was without authority to open the judgment after the end of the term at which it was rendered, unless it was a judgment by default or confession. Every court has power to open such judgments, without limit of time, in order to give the parties a hearing or trial. But where judgments have been entered after defense made, the reason for the rule ceases, and it is settled that judgments thus taken cannot be opened after the expiration of the term at which they are entered : King v. Brooks, 72 Pa. 363. Hence the only question before us is whether the judgment in the present case was entered upon a default by the defendant or upon defense made.

A default by the defendant is where, having been duly summoned, he fails to appear, or, having appeared, fails to make defense in the manner and within the time fixed by law. It has, however, no relation to the adequacy of the defense offered; it arises only from neglect—from the absence of an appearance or an offer of defense. At common law, judgment against the defendant for default of appearance was unknown, the penalty for his contumacy being distress infinite and outlawry. But if, after appearing, he neglected to make defense by plea or demurrer within the time allowed, judgment by nihil dicit,—" he

says nothing "—might be taken against him.   In·Pennsylvania, provision for judgment for default of appearance was made at an early day.   By the act of 1725, on default of appearance, the plaintiff could enter a common appearance for the defendant, and in the absence of a plea take judgment by nihil dicit.   The entry of a common appearance was soon dispensed with, and judgment was entered by default on the defendant's failure to appear. By subsequent legislation, judgment for default of appearance was expressly authorized.   A third ground of default was introduced in 1795, by an agreement, signed by all the attorneys of the Supreme Court except two, to confess judgment unless the defendant made affidavit " that to the best of his knowledge and belief there was a just cause of defense to the action ; " and this was enforced by the court as to the signatory parties.   In 1799, a rule to the like effect was adopted by the Supreme and Circuit Courts.   In 1809, the common pleas of Philadelphia adopted a rule directing judgment of course against the defendant unless he made affidavit that there was a just defense, to the best of his knowledge and belief, with a proviso respecting a partial defense ; and this rule was sustained by the Supreme Court: Vanatta v. Anderson, 3 Binn. 417.   A similar rule was adopted by the district court of Philadelphia.   The first legislation on the subject was the act of 1835.   This authorized " a judgment by default " in certain actions in the district court of Philadelphia, unless the defendant " filed an affidavit of defense, stating therein the nature and character of the same."   From this provision, subsequently extended to other courts by statute, or adopted by rule, arose the practice of inquiring into the sufficiency of the defense thus set up, and of taking judgment for want of a sufficient affidavit of defense.   The act of 1874 authorized an appeal to the Supreme Court from a decision against the right to such a judgment.   The procedure act of 1887 directs that in actions of assumpsit the declaration " shall be replied to by affidavit," and provides for judgment " for want of an affidavit of defense, or for want of a sufficient affidavit, for the whole or part of the plaintiff's claim, as the case may be, in accordance with the present practice."   Where the defense is partial, the act of 1893 permits judgment for the amount admitted to be due ; while the act of 1897 allows judgment to be taken for the portion as to which the affidavit shall be insufficient ; with an issue

as to matters remaining in dispute. And by the act of 1889, the defaults, for which judgment is of course, are, want of an appearance, want of a plea, and want of an affidavit of defense, with judgment against the plaintiff for want of a declaration.

But a judgment for want of a sufficient affidavit of defense has never, under the existing practice, been regarded as a judgment by default. Nor is there any ground on which it can be so regarded. With reference to the result, indeed, an insufficient affidavit of defense is practically the same as none. But so also is an insufficient defense before a jury. In either case the defendant suffers judgment, but in neither is it a judgment by default. The filing of the affidavit is a prescribed step in the cause, whereby the defense is laid before the court. Default in the premises is only in neglecting to take this step; in omitting to make defense in the prescribed method. The declaration having been replied to by affidavit, the requirement of the statute on this point is satisfied and a default avoided. Should the defense thus presented be held insufficient, its presentation is not thereby turned into a default. The affidavit is in the nature of a plea, for the insufficiency of which the plaintiff may have judgment on demurrer, but not by nihil dicit as for a default. If adjudged insufficient, it is an adjudication of the cause on its merits. Whether the defense be addressed to the court by affidavit, or to a jury by evidence, a judgment resting on its insufficiency is a judgment upon defense made, and not on a default.

The limitation on the power of the courts to open judgments has not been modified by legislation, and to modify it would be clearly against public policy. The Acts of May 20, 1891, P. L. 101 and of June 24, 1895, P. L. 212 (the Superior Court act), extend the right of appeal to these applications, and confer upon the appellate courts the power to review the decisions of the common pleas thereon. But those statutes do not enlarge or affect the power of the lower courts in the premises.

Enough has been said to show that the learned judge correctly held that he was without power to open the judgment in the present case. The judgment was duly entered after an examination of the defense as presented in the affidavit. The matter in controversy had regularly passed to final judgment, and the term of the court at which it was rendered had ended, before

the application to open was made. It then became res judicata, and passed beyond the power of the court to open.

However, the question of the sufficiency of the affidavit of defense is not beyond the reach of this court. The appeal is from the action of the court below in entering the judgment, as well as from the subsequent refusal to open it, and thus the record of the case is brought before us. The judgment was entered on February 20, 1897, and the appeal to this court was noted as of July 23, 1897, more than three months after the entry of judgment. But by section 4 which went into effect July 1, 1897, it is provided: "That in civil cases in which the right of appeal to the Superior Court has now expired, an appeal may be taken and perfected within three months after this act goes into effect." The present case comes within the express terms of this proviso, and, as it is a proper exercise of legislative power (Waters v. Bates, 44 Pa. 473.) the appeal is properly taken.

There can be no reasonable doubt about the sufficiency of the affidavit of defense. It avers coverture, no indebtedness to the plaintiffs, and that she signed the note upon which suit is brought as a guarantor. While it may not exhibit the accuracy and fullness of detail necessary on two of these points, it is sufficient in its terms to raise the question of her liability under the averment of a guaranty. It states that after her husband signed the note it was brought to her, and upon the allegation that it was necessary for her to affix her name to it she was induced to sign it as a guarantor. If it be true that she signed merely as a guarantor there can be no doubt as to her nonliability under the express prohibition of the act of June 8, 1893. We have recently passed upon the powers of a married woman under this statute, in Henry v. Bigley, 5 Pa. Superior Ct, 503, and it is unnecessary to discuss the matter further here. The judgment entered February 20, 1897, for want of a sufficient affidavit of defense, cannot stand, and the subsequent proceedings based thereon must fall with it.

The judgment is reversed and a procedendo awarded.