## Pennsylvania Stave Company's Appeal.

*Judgments—Setting aside judgments—Expiration of term—Equitable relief—Ignorance of the law.*

1. Judgments by confession or upon default remain indefinitely within the control of the court, and upon proper cause shown may be opened up or vacated at any time; but not so with respect to judgments obtained adversely. The power committed to the discretion of the court with respect to the latter ends with the expiration of the term at which the judgment was entered, unless there are equitable grounds for interference. Ignorance of the law, however, is not a ground for equitable relief.

2. Where an appeal is taken to the common pleas from a tax assess-

ment by the county commissioners acting as a board of revision, and before the appeal is heard the parties agree to an adjustment, and the court enters a judgment pursuant to the agreement, such judgment is adverse, and cannot be set aside after the expiration of the term at which it was entered, in the absence of any ground for equitable relief. The fact that a petition had been presented on the last day of the term in which the order had been made asking for its vacation, and that a rule had issued thereon, does not in any way change the situation.

Argued March 15, 1909. Appeal, No. 196, Jan. T., 1908, by The Pennsylvania Stave Company, from order of C. P. Bradford Co., Sept. T., 1907, No. 97, setting aside judgment In re Appeal of the Pennsylvania Stave Company from assessment of its property in Barclay Township. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Appeal from tax assessment. Before FANNING, P. J. The opinion of the Supreme Court states the case.

*Error assigned* was order setting aside the judgment.

*Chas. M. Culver*, with him *John C. Ingham*, for appellant.— The court had no authority to open, vacate and set aside the decree which was not entered by default or confession, after the term ended: Com. v. Mayloy, 57 Pa. 291; Kensington & Oxford Turnpike Co., 97 Pa. 260; Sheppard's Contested Election, 77 Pa. 295; King v. Brooks, 72 Pa. 363; Mather v. Patterson, 33 Pa. 485; Fisher v. Ry. Co., 185 Pa. 602; Abeles, etc., Co. v. Powell, 6 Pa. Superior Ct. 123; Lance v. Bonnell, 105 Pa. 46.

In no case is ignorance or mistake of the law with the full knowledge of the facts, per se a ground for equitable relief: Norris v. Crowe, 206 Pa. 438.

*M. E. Lilley*, of *Lilley & Wilson*, with him *William Maxwell* and *W. E. Lane*, for appellee.—The court had authority to vacate the decree during the term or afterward and especially when promptly moved to do so and when rule was

obtained during the term: Knobcouch to use of Burkert v. Heffron, 15 Pa. C. C. Rep. 636; Pantall v. Dickey, 123 Pa. 431; Nescopeck Bridge, 120 Pa. 288; King v. Brooks, 72 Pa. 363; Earnest v. Hoskins, 100 Pa. 551; Lingenfelter v. Coal & Iron Co., 84 Pa. 328; Ferguson v. Pittsburg, 159 Pa. 435; Penna. Coal Co. v. School Dist., 9 Lackawanna Jurist, 118.

OPINION BY MR. JUSTICE STEWART, June 22, 1909:

The appeal of the Pennsylvania Stave Company from the decision of the county commissioners acting as a board of revision, in the matter of the assessment of the company's property for taxation to the court of common pleas, was unquestionably an adverse proceeding; and the order of the court therein in the nature of a final judgment, though reached through agreement of the parties, was in its character adversary, quite as much as would be a judgment on a verdict. With respect to their conclusiveness such judgments differ essentially from judgments entered by confession or upon default. The distinction between them is very clearly pointed out in a number of our cases, notably in Castle v. Reynolds, 10 Watts, 51, and King v. Brooks, 72 Pa. 363. Judgments by confession or upon default remain indefinitely within the control of the court, and upon proper cause shown may be opened up or vacated at any time; but not so with respect to judgments obtained adversely. The power committed to the discretion of the court with respect to the latter has a fixed limitation. The cases cited, and to these may be added, Stephens v. Cowan, 6 Watts, 511, and Fisher v. Railway Co., 185 Pa. 602, hold, in the most conclusive way, that at the expiration of the term at which it was entered the common-law power of the court to set aside a judgment regular on its face, ends. In the present case we are concerned only with the common-law power of the court. The order setting aside the final adjudication in the matter of the assessment of appellant's land is not based on considerations of fraud in its procurement, or any other matter which could call into exercise the equitable power of the court. Therefore it can have no other warrant than can

be found in the common law, and by this it must be judged.
It was not made until after a whole term had intervened.
The fact that a petition had been presented on the last day
of the term in which the original order had been made ask-
ing for its vacation, and that a rule had issued thereon, does
not in any way change the situation. The authorities above
cited are to the effect that the power of the court ends with
the term. It would be strangely inconsistent to hold that
the power of the court ended with the term, and yet hold
that the court could by its own act prolong its power, and
that too indefinitely by the issuing of successive rules.

We have said that there was nothing in the case calling
for equitable interference. If there had been the ending of
the term would not necessarily preclude relief. The learned
judge very properly accompanied his order of vacation with
a statement of his reasons, and we are left in no doubt as to
the considerations which influenced the mind of the court.
The whole controversy before the commissioners, and the only
question raised on the appeal to the court, was whether cer-
tain property assessed against the stave company was real
or personal. If the latter, it was agreed that it was not tax-
able. When the case came on to be heard in the common
pleas an adjustment was reached by agreement between the
commissioners and the stave company involving a reduction
from the assessment, and the court was asked to decree in
accordance with the agreement. The only averment in the
petition for vacation of the decree was that at the time the
agreement of adjustment was made the commissioners and
their counsel were of opinion that the stave company's assess-
ment was upon property which the law regarded as personal,
and that in a recent decision, unknown to them then, prop-
erty of like character has been held to be real estate. The
learned judge in the statement of his reasons assumes nothing
with respect to the character of the property assessed, or as
to the application of the decision relied upon to the facts
here, but concludes that inasmuch as the decree was made
without hearing the evidence and finding the facts, pursuant
to an agreement which he holds to have been improvidently

made, the decree should be set aside.  Whether or not the
agreement on the part of the commissioners was improvident
was a matter that could not be inquired into; it is enough to
know that the commissioners had the power to adjust the
matter in dispute, and the court was within its power in de-
ciding according to the terms agreed upon.  The result
reached was nothing more than the commissioners could
have accomplished by their own action at any time without
the court's intervention.  Admitting that the agreement was
entered into in ignorance of the law—on no other ground can
it be said to be improvident—this fact would not call for
equitable interference.  "In no case is ignorance or mistake
of law with a full knowledge of the facts per se a ground for
equitable relief:" Norris v. Crowe, 206 Pa. 438.  The facts
with respect to the nature and location of appellant's prop-
erty were just as well known to the commissioners when the
agreement was made as at any time after, and they had the
same opportunity to acquaint themselves with the law as
the appellant.  The case calls for no further discussion.  The
final order when set aside had ceased to be within the breast
of the court, the term in which it was made having expired.
Nor was there anything in the case calling for equitable in-
terference by the court.

The order making absolute the rule for the opening, va-
cating and setting aside the final decree entered in the appeal
from the board of revision and appeal is reversed, at the cost
of the appellee, and the original decree is reinstated.