# New Prague Flouring Mill Company, Appellant, *v.* Kirschner.

*Contract—Breach of contract—Custom of trade—Affidavit of defense.*

In an action to recover for breach of a contract made through plaintiff's agent for the purchase of flour, an affidavit of defense is sufficient which avers "that when said proposal was signed...... it was with the understanding that it was subject to confirmation by mill......and was further made with the knowledge of the universal custom of the flour business......which......was known to and understood by the plaintiff company and by your deponent, and......was so certain, uniform and notorious that the plaintiff company could not be mistaken......that said proposal required immediate confirmation by telegram."

*Practice, C. P.—Affidavit of defense—Order for supplemental affidavit—Judgment.*

Where the court makes an order directing that if a supplemental affidavit of defense shall not be filed within ten days after notice thereof, judgment may be taken, and it appears that no notice of the order was given in accordance with the rules of court, the court may make an order permitting a supplemental affidavit to be filed; and subsequently, and after the term has expired a rule to open judgment nunc pro tunc as of the date of the previous order, and adjudge the supplemental affidavit sufficient and discharge the rule for judgment.

In such a case the order permitting a supplemental affidavit to be filed was justified on equitable grounds because no notice of the first order had been given.

The action on the rule to open judgment nunc pro tunc was proper, although made after the term, because it related to opening of a judgment not wholly adverse, but partly by default. The hybrid nature of such a judgment takes it out of the operation of the rule forbidding the opening of an adverse judgment after the term.

Argued March 6, 1918. Appeal, No. 34, March T., 1918, by plaintiff from order of C. P. Luzerne Co., Jan. T., 1917, No. 304, discharging rule for judgment for want of a sufficient affidavit of defense in case of New Prague Flouring Mill Company v. John Kirschner. Be

fore ORLADY, P. J., PORTER, HENDERSON, HEAD, KEP-
HART, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit for breach of a contract to purchase flour.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that on June 4, 1915, defendant ordered from the plaintiff, through its agent, W. J. Thornton, 420 barrels of flour to be shipped on future dates.  This order was given on one of the printed blanks of the defendant.  The order was forwarded by the agent to the defendant, but the plaintiff did not receive a confirmation of the order from the plaintiff's mill within twenty-four hours, which he alleged was necessary in accordance with the custom of the trade.  The averments of the affidavit of defense and of the supplemental affidavit of defense as to this custom, are set forth in the opinion of the Superior Court.  The opinion also states the other facts of the case.

*Error assigned,* amongst others, was the order of July 19, 1917, discharging rule for judgment for want of a sufficient affidavit of defense.

*Edmund E. Jones,* for appellant.—In order that the defendant may be entitled to the benefit of an averment of custom or usage, he must set forth the elements constituting the custom in such an explicit manner that it may appear at once whether or not the alleged custom is certain and uniform and nothing be left to inference: Ambler v. Phillips, 132 Pa. 167; Silliman v. Whitmer & Sons, 11 Pa. Superior Ct. 243.

A supplemental affidavit of defense setting up a new and different defense is suspicious and requires that the new defense should be closely scrutinized, especially when the two affidavits cannot be dovetailed and are contradictory: Port Kennedy Slagworks v. Krause, 5 Pa. Superior Ct. 622; Penrose v. Caldwell, 29 Pa. Superior

Arguments—Opinion of the Court. [70 Pa. Superior Ct. Ct. 550; Woodoleum Flooring Co. v. Kayser, 45 Pa. Superior Ct. 372; Callan v. Lukens, 89 Pa. 134.

Judgment for want of a sufficient affidavit of defense is not a judgment by default and the Court has no power to disturb the judgment after the end of the term during which it was entered: Abeles v. Powell, 6 Pa. Superior Ct. 123; Penna. Stave Co.'s, 225 Pa. 178.

*B. R. Jones,* with him *E. J. Gormley,* for appellee.

OPINION BY WILLIAMS, J., July 10, 1918:

Plaintiff declared for breach of a contract to purchase flour.

Defendant's affidavit averred that, according to a custom of the business, telegraphic confirmation from the mill was necessary within twenty-four hours after placing the order, or the buyer could treat it as cancelled.

Plaintiff moved for judgment because the custom was not averred with the necessary particularity. April 4, 1917, the court made the following order: "If......supplemental affidavit be not filed within ten days after notice hereof, the rule on motion will be made absolute." April 17th, judgment was entered. April 21st, by permission of the court, a supplemental affidavit was filed, which averred "that when said proposal was signed ......it was with the understanding that it was subject to confirmation by mill......and was further made with the knowledge of the universal custom of the flour business......which......was known to and understood by the plaintiff company and by your deponent, and...... was so certain, uniform and notorious that the plaintiff company could not be mistaken......that said proposal required immediate confirmation by telegram." No such confirmation was received by defendant.

May 22d, exceptions were filed to the order of April 21st, and to the sufficiency of the supplemental affidavit. June 18th, defendant suggested by petition that the supplemental affidavit raised a meritorious defense. July

19th, the court granted a rule to open judgment nunc pro tunc as of April 17th, adjudged the supplemental affidavit sufficient and discharged the rule for judgment.

Appellant contends that the court erred in holding the supplemental affidavit sufficient. We cannot agree with this contention. The cases cited are those in which the sufficiency of proof and not of averment was in question. An affidavit of defense is sufficient if it avers a fact, which, if proven at the trial, would be a good defense, and need not aver the evidence.

Appellant further contends that the court erred because (a) there was insufficient equitable ground for opening, and (b) the judgment was for want of a sufficient affidavit of defense—an adverse judgment—which could not be opened after the expiration of the term in which it was entered.

· · (a) No notice of the order of the court of April 4th was given in accordance with the rules of court, which was an equitable reason for the action of the court.

(b) We think the judgment was opened, April 21st, when the court allowed the filing of the supplemental affidavit. The subsequent granting of the rule and opening of judgment were mere formalities. The order permitting the filing carried with it as an incident the actual opening, and the power to open an adverse judgment then remained in the court.

In Abeles v. Powell, 6 Pa. Superior Ct. 123, we held that a judgment for want of a sufficient affidavit of defense was adverse for the reason that the affidavit presents the facts in as favorable a light as defendant could place them, and, if it does not present a defense, there is no merit in defendant's case. This record, however, reveals a meritorious defense. The entry of judgment was as follows: "......It appearing to the court that defendant has not filed a supplemental affidavit of defense......within ten days after notice, in pursuance to , decision filed April 4, 1917,......rule for judgment for want of sufficient affidavit of defense is made absolute

and judgment is entered in favor of the plaintiff......."

This is not wholly an adverse judgment, for the order plainly shows that it is partly by default.   Its hybrid nature takes it out of the operation of the rule forbidding the opening of an adverse judgment after the term.   It determined nothing more than that the first affidavit was insufficient and that no supplemental affidavit was filed within ten days, and was, therefore, properly treated as by default.

The appeal is dismissed.