## Farling, Appellant, *v.* Urich.

*Judgments—Opening judgments—Married women—Accommodation maker—Evidence—Sufficiency.*

A rule to open judgment is properly allowed where the testimony taken in support of the rule is sufficient to support a finding that defendant signed the note as surety for her husband, in settlement of debts contracted by him, that she received none of the proceeds, and that the appellant knew such to be the facts.

Under such circumstances, it is not an abuse of discretion by the court below to open the judgment.

Argued October 14, 1924. Appeal, No. 14, March T., 1925, by plaintiff, from decree of C. P. Dauphin County, Jan. T., 1920, No. 400, making absolute rule to open judgment in the case of Minnie V. Farling v. Samuel T.

Urich and Mary J. Urich. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment. Before WICKERSHAM, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the order of the court.

*F. Stoddard Simpson,* and with him *Lynn M. Irvine,* for appellant.

*George V. Hoover,* for appellee.

OPINION BY KELLER, J., November 17, 1924:

Judgment was entered in the court below in favor of Minnie V. Farling, the appellant, against Samuel T. Urich and Mary J. Urich, as joint defendants, upon a judgment note or single bill confessing judgment, for $2,000; and within five years thereafter the same was revived by scire facias. Subsequently a writ of fieri facias was issued thereon and certain personal property of the defendant, Mary J. Urich, levied upon. She then presented her petition to the Court of Common Pleas of Dauphin County setting forth that she was the wife of her codefendant, Samuel T. Urich, that her signature to said judgment note had been obtained by duress of her husband, and solely as surety or accommodation maker for him; that she had no knowledge of the entry of said judgment or its revival by scire facias until the levy upon her property; and praying that the said judgment might be opened as to her and that she be let into a defense. The testimony taken on the rule granted pursuant to said petition is sufficient to support a finding

that Mary J. Urich signed the note as surety for her husband, in settlement of debts contracted by him, that she received none of the proceeds, and that appellant knew such to be the facts. The judgment against the defendants on the scire facias was by default, (Penna. Stave Co.'s App., 225 Pa. 178), and the record, as printed, fails to show personal service of the writ on the defendant, Mary J. Urich. Under the circumstances we find no abuse of discretion by the court below in opening the judgment as to her. Its action is supported by the following decisions: Appeal of First National Bank of Muncy, 106 Pa. 68, 71; Eldred v. Hazlett's Admr., 38 Pa. 16, 32; Manor National Bank v. Lowery, 242 Pa. 559.

The order is affirmed.