F. Cesare *v.* G. & R. Caputo, Appellants.

Submitted September 29, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Vosburg & Vosburg,* and with them *Joseph F. Tedesco,* for appellants, cited: Wickel v. Mertz, 49 Pa. Superior Ct. 472; Hambleton v. Yocum, 108 Pa. 304.

*John Memolo,* for appellee, cited: American Soda Water Co. v. Taggart, 46 Pa. Superior Ct. 123; Kaufman & Baer v. Landau, 93 Pa. Superior Ct. 457.

OPINION BY CUNNINGHAM, J., November 20, 1930:

Appellants, husband and wife, were defendants below in an action of ejectment and have appealed from an order discharging their rule to set aside the verdict and judgment and reinstate the case. The appeal was submitted to us upon the record and briefs without oral argument.

These material facts appear from the record: Cesare, the appellee, owns the western portion of lot No. 27 in Block "Q" of the Thomas Smith Estate Plan of Lots in the Borough of Old Forge, Lackawanna County, and appellants the eastern portion thereof. Speaking generally, Block "Q" is bounded on the east by Bradley, on the south by Main, on the west by Mary and on the north by Lawrence Streets. Lots 26 and 27 front, fifty-five feet each, on the south side of Lawrence Street and extend southwardly about halfway toward Main Street, or a distance of approximately 150 feet. A controversy arose between the parties with respect to the proper location of that portion of the dividing line between their respective parts of Lot 27 beginning at Lawrence Street and extending southwardly for a

distance of about 100 feet. Residences have been erected on each lot and appellants have a cement sidewalk in the rear of their residence and along its western side to Lawrence Street. Cesare claimed that portions of the Caputos' walks and buildings extended over the true dividing line and that they were occupying a strip of land—four feet in width at Lawrence Street and two feet, eight inches at a point 100 feet south thereof —the title to which was in him.

Accordingly, he caused to be issued on June 4, 1927, a writ in ejectment for this strip, beginning on Lawrence Street at a point which he contended was on the dividing line between the lots.

When the case was ready for trial the parties, under date of April 11, 1928, entered into this agreement: "The firm of Stevenson & Knight, Civil Engineers, is hereby authorized to go to the location upon ·the ground, being the subject matter in dispute in the case to the above number and term, and survey according to the deeds held by the respective parties; and such survey and the placing of pickets .......... shall be final and conclusive between the parties as to the land to which either of them may be entitled, and judgment may be entered......in accordance with such survey."

Pursuant to this agreement the survey was made and on May 2, 1928, a verdict, based upon its results, was returned by a jury in favor of Cesare and against the Caputos for a strip of land beginning at a corner on Lawrence Street "in the middle of Lot No. 27 ...... as staked from monuments on Mary Street ...... thence along a line dividing Lot No. 27 in two equal parts," and continuing the description in substantial accordance with the writ.

As portions of the buildings and walks of the Caputos encroached upon the strip of land awarded Cesare the jury included in the verdict this reservation: "Saving and reserving, however, to the defend-

ants, their heirs and assigns, an easement in and to so much of said land as is now overlapped by the present dwelling house; such easement to wholly cease and determine upon the casual destruction of said dwelling house or its removal from the present foundation.''

The docket entries have not been printed in full and we are not advised of the date upon which judgment was entered on the verdict but that it was promptly entered is clear from the opinion of the court below. No further legal proceedings were taken until August 26, 1929, when appellants presented their petition to set aside the judgment and verdict and reinstate the action. It was averred in the petition, and denied in the answer, that at the time the verdict was taken an agreement had been made between appellants' counsel, who died in November, 1928, and counsel for appellee to the effect that, if the Stevenson and Knight survey should be found to be incorrect, the verdict might be modified ''to meet the correct survey,'' and that an agreement had been drafted in July, 1928, providing for the setting aside of the verdict and reinstatement of the case. A form of such agreement was found among the papers of appellants' deceased attorney but their present counsel admitted his inability to show that this draft had been executed by the respective counsel. From the depositions taken in support of the rule, and particularly from the testimony of another surveyor, it appears that it is the contention of appellants that the center of the front line of Lot 27 should have been determined by measurements taken from the corner of an adjoining lot (referred to in the testimony as the Hannaghan or ''Swamp Lot'') rather than from the monuments on Mary Street, adopted in the survey of Stevenson & Knight and incorporated in the verdict. The court below in its opinion supporting the order discharging the rule concluded, citing Pennsylvania Stave Company's Appeal, 225 Pa. 178,

that the proceedings were, in effect, adverse and that the power of the court to disturb the judgment ended with the term at which it was entered.

The judgment here in question was not entered by confession or upon any default but upon a verdict in an adverse proceeding. The fact that the verdict was rendered by agreement of the parties does not, under the circumstances of this case, affect the character of the judgment. There is no allegation that appellants were induced to enter into the agreement through any fraud or misrepresentation; nor are we able to find in the record any other matter which would justify appellants in invoking the equitable powers of the court. The case therefore involves only the common law power of the court to set aside a judgment regular upon its face, and under all the authorities that power ended with the expiration of the term at which the judgment was entered. The single assignment of error is to the order discharging appellants' rule; for the reasons stated it must be overruled.

Order affirmed.