J. Lichterman, Appellant, v. W. Hanlon et ux.

Argued October 16, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*George J. Segal,* for appellant.

*J. Henry Bryan,* for appellee.

Opinion by Cunningham, J., December 12, 1930:

Appellant was plaintiff below in an action of assumpsit for merchandise sold and delivered to appellees and as the result of a trial, at which neither they nor their counsel were present, obtained a judgment in his favor. This appeal is from an order making absolute a rule—obtained after the expiration of the

term—to open the judgment and permit appellees to file, nunc pro tunc, a motion for a new trial.

The case was at issue upon statement of claim, affidavit of defense, counter-claim and reply thereto, but when it was set down for trial appellees' counsel of record was suffering from an illness which continued until after the judgment had been entered. Several continuances were arranged for by an office associate and notice was given him one afternoon that the case would be disposed of on the following day; there was, however, neither averment nor proof that appellees had actual notice of the trial or of the judgment prior to the issuing of an execution thereon.

Counsel for appellant invokes the strict common law rule against opening an adverse judgment after the expiration of the term. But it clearly appears in the following excerpt from the opinion of the court below that it treated this judgment as one entered by default and was exercising its equitable powers in granting the relief sought: "We are of the opinion and feel that the proper administration and the interests of justice demand that the judgment be opened so that the defendants, who were not in default, may be given an opportunity to have their day in court; especially so, because their attorney, through circumstances over which he had no control, to wit, illness, was prevented from appearing for them in court, or looking after his clients' legal affairs. This case having been tried *ex parte,* and the judgment having been entered upon the finding for the plaintiff, it [may] be treated not as an adverse judgment, but as 'won by default.'" We think the case comes within the rule referred to in Pennsylvania Stave Company's Appeal, 225 Pa. 178, at 181, that, if a case calling for equitable interference is made out, "the ending of the term would not necessarily preclude relief."

Order affirmed.