## Haverford Township School District, to use, *v.* Herzog et al., Appellants.

Argued January 8, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*E. Wallace Chadwick,* with him *Frank Rogers Dona-hue* and *Thomas A. Curran,* for appellants.

*John E. McDonough,* for appellees, submitted printed brief.

OPINION BY MR. JUSTICE KEPHART, January 30, 1934:

In an action in assumpsit, to plaintiff's statement of claim, defendant filed his affidavit of defense containing a counterclaim and rule to reply. No reply was filed. Defendant had the prothonotary enter judgment against plaintiff for the full amount of the counterclaim. Some four or five years later plaintiff petitioned the court below to strike off the judgment, and it was so ordered. Defendant appeals.

The Practice Act of 1915, section 17, covers the case. This section provides as follows: "In actions of assumpsit the prothonotary may enter judgment for want of an affidavit of defense, or for any amount admitted or not denied to be due. The plaintiff may take a rule for judgment for want of a sufficient affidavit of defense to the whole or any part of his claim, and the court shall enter judgment or discharge the rule, as justice may require. When the defendant sets up a set-off or counterclaim, he may move for judgment against the plaintiff for want of a reply, or for want of a sufficient reply to the whole or any part of the set-off or counterclaim; and the *court may enter judgment* in favor of the plaintiff, or the de-

fendant, for such amount as shall be found due, with leave to proceed for the balance." The amendments in the Act of April 22, 1929, P. L. 627, do not alter our conclusion since they do not touch the question as to who shall enter the judgment. It should be noted that in section 17, supra, the prothonotary is authorized to enter judgment for want of an affidavit of defense, or for any amount admitted or not denied to be due, but obviously this can have no weight in determining the proper procedure for the entering of judgment when the want of an affidavit of defense is not involved, for the legislature goes on in that section to provide for the case "when the defendant sets up a set-off or counterclaim." In such a case it is declared that the defendant *"may move for judgment against the plaintiff for want of a reply,* or for want of a sufficient reply to the whole or any part of the set-off or counterclaim; and *the court* may enter judgment in favor of the plaintiff, or the defendant, for such amount as shall be found due......"

These latter provisions differ from the former which dealt with the want of an affidavit of defense for the obvious reason that set-offs or counterclaims invariably involve a consideration of items or matters raised both in the statement of claim and in the affidavit of defense; all are interwoven; the consideration of one distinct from the other is generally impossible in effecting justice. Hence, it was ordained that *the court* should enter judgment in whatever amount was "found due." In order to determine what amount is due, if any, the *court* must consider the averments in the pleadings to decide that question, not the *prothonotary.* On a rule for judgment the whole record is considered: Federal Sales Co. v. Farrell, 264 Pa. 149.

Defendant relies upon Rule 132 of the court below. Rules of court must not be in opposition to an act of assembly, and the interpretation of rules of court is for the court which enunciates them. The court below has construed the meaning of its rule against the interpreta-

tion contended for by defendant, and, as there is no abuse of power, its conclusion is final: American Structural Steel Co. v. Annex Hotel Co., 226 Pa. 461; Booth v. Wolff Process Leather Co., 224 Pa. 583; Bair v. Hubartt, 139 Pa. 96.

Defendant urges that the lapse of four or five years since the judgment was entered, without action by plaintiff, amounts to laches which now estops plaintiff from attacking the judgment; but this cannot be for defendant never had a valid judgment since the prothonotary had no power to enter it: it was a nullity and without legal effect. Hence, the passage of time, however great, does not enter into a consideration of its validity: Penna. Stave Co.'s App., 225 Pa. 178; King v. Brooks, 72 Pa. 363; Castle v. Reynolds, 10 Watts 51; New Prague Flouring Mill Co. v. Kirschner, 70 Pa. Superior Ct. 74; Abeles v. Powell, 6 Pa. Superior Ct. 123.

The order striking off the judgment is affirmed.