## Funk *versus* Frankenfield.

Funk, who was surety on a note, was discharged by the holder refusing to pursue the principal upon notice. He afterwards wrote to holder, "Have patience until about January 3d. I think you will receive your money;" again, "I was at Esq.'s for money three times, but did not meet him; I will pay you as soon as the money is obtained. I will see you yet this week." Suit had been brought at the date of last note. *Held,* 1. That the letters were only a conditional promise to pay on obtaining the money from the justice. 2. If it had been absolute, the consideration of forbearance had not been performed.

March 8th and 9th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Writs of error to the Court of Common Pleas of *Bucks county:* Nos. 411 and 412, to January Term 1871.

In the court below two actions were commenced on the 6th of January 1870, by William Frankenfield against E. H. Gangwer and H. S. Funk on notes of which the following are copies:—

"$200.                          Springfield, Pa., July 25th 1867.

Ninety days after date we or either of us promise to pay to Wm. Frankenfeld, or order, two hundred dollars, with interest (at 7 cent), without defalcation for value received.

E. H. GANGWER,
H. S. FUNK."

"$400.                          Springfield, August 8th 1867."

Six months after date we or either of us, separately or jointly, promise to pay William Frankenfield, or order, the sum of four

                    7 cents
hundred dollars, with ~~legal~~ interest from date, without defalcation for value received.                    E. H. GANGWER,
H. S. FUNK."

Funk only was served; the return as to Gangwer was "Nihil." Funk was surety for Gangwer in the notes.

Both cases were tried together, February 16th 1871, before Chapman, P. J.

Funk testified on the trial, that in the fall of 1868 and in the spring of 1869, he gave the plaintiff notice to collect the money due on the notes at once, and if he did not, defendant would not hold himself bound; that Gangwer had property, &c. Gangwer

[Funk v. Frankenfield.]

assigned his book accounts to Funk, who placed them in the hands of a justice for collection.

The plaintiff gave in evidence the following letters:—

"Springtown, Bucks co.,
December 21st 1869.

Wm. Frankfield, Esq.

Dear Sir: Yours rec'd. Have patience until about Jan. 3d, and I think you will receive your money.

Yours with respect,

H. S. FUNK."

"Springtown, Pa.
January 6th 1870.

Wm. Frankenfield, Esq.

Sir: I wrote you I would see and intended to pay you about the 3d.

I was at Freemansburg, at Bloss's, Esq., for money already three times, but did not meet him. I was there yesterday. Will go again to-morrow.

I will pay you as soon as the money is obtained. I will see you yet this week.            Yours,            H. S. FUNK."

The court charged: * * *

"It is further alleged by defendant, that in the fall of 1868, or spring of 1869, Funk gave notice to Frankenfield to bring suit at once on the notes, against Gangwer, and if he did not do so, he would consider himself discharged. Gangwer says that in the spring of 1869, or in fall of 1868, he was worth $1600, and was able to pay the notes. Sometime after this, his property was swept away by fire, and there was not enough left to meet this responsibility. These suits were not brought till February Term 1870, so that the delay on Frankenfield's part extended beyond the period when the fire occurred. Funk, the surety, contends that inasmuch as the plaintiff did not institute suits immediately, he is discharged. The law, as laid down by defendants' counsel, is correct. When a surety gives notice to the creditor to institute suit, and declares if he does not, he will hold himself discharged, if the creditor allows time to elapse, during which the principal debtor fails, the creditor's laches may be visited upon him. He holds the evidences of debt, and is bound to institute suit at once, if he gets notice, or take the consequences. Mere delay, however, will not absolve the surety. Funk testifies, that in the fall of 1868, he told Frankenfield to collect the money at once, or he would not be responsible. If this be true, he did all the law required him to do. Frankenfield denies the statement made by Funk, and says, instead of Funk giving him notice to proceed, he asked him to delay proceeding. Which will you believe? According to Frankenfield, there was no such notice given as will absolve Funk. If you believe Funk, he did at this

[Funk v. Frankenfield.]

stage of the business all he was required to do. But even if you believe Funk, there is still a question arising as to the effect of the two letters addressed by him to Frankenfield before the suits were instituted. And upon the solution of this question the case turns. What is the effect of the two letters to which I referred ? In the first letter, dated December 21st 1868, Funk writes to Frankenfield, ' Have patience till January, I think you will receive your money.' The second letter is dated January 6th 1869, and therein Funk promises to pay the money as soon as it is obtained. It is an established rule of law, that forbearance to sue upon a promise, constitutes a consideration. Even supposing Funk at this time had been absolved from the payment of the notes, if he promised to pay in case Frankenfield would forbear to sue Gangwer, he is bound. The forbearance for one day to sue, constitutes a consideration. When one man engages, if a creditor will forbear to sue a third person he will pay the debt, and the creditor does forbear, he will be bound. Did Frankenfield forbear to sue ? These letters must be scanned closely. If they referred to these notes, and there was a delay to bring suit in consequence of Funk's request for more time, then I say there was a binding promise to pay, whatever Funk's position was previously to his writing the letters."

The verdicts were for the plaintiff for $221.66 and $311.21 respectively.

On removal of the case to the Supreme Court, the defendant assigned the charge of the court for error.

*G. Lear*, for plaintiff in error.

*J. L. Dubois*, for defendant in error.

The opinion of the court was delivered, March 21st 1872, by

SHARSWOOD, J.—Funk was the surety of Gangwer on the note in suit, and there was evidence from which the jury could have found that he was discharged from liability because of time given to the principal by a binding contract to that effect. So the learned judge below instructed the jury. But assuming this to be so, he held that if the two letters in evidence of December 21st 1869 and January 6th 1870, by Funk to Frankenfield, referred to the note in question, and there was a delay to bring suit in consequence of Funk's request for more time, they contained a binding promise to pay, whatever Funk's position was previously to his writing the letters. In this we think there was error. Considering Funk as absolved from all responsibility, there is in the letters no absolute promise to pay the debt in consideration of forbearance. In the first, dated December 21st 1869, there is no promise at all. " Have patience until about January 3d, and I think you will receive your money." It evidently means that, in his opinion, he

21 P. F. SMITH—14

would receive his money from Gangwer by that time. The second, January 6th 1870, states that he had been at Freemansburg, at Bloss's, Esq., for money already three times, but did not meet him (either Gangwer or Esq. Bloss, or some one else, from whom money was expected). He then adds: "I will pay you as soon as the money is obtained." Admitting this to be an absolute promise to pay the money in a reasonable time, as soon as he, Funk, could obtain it, where was the forbearance to sue which was necessary to form the consideration of it? This suit had been then actually commenced. But it was not an absolute but only a conditional promise to pay, when he, Funk, should obtain the money from Gangwer, or from his book accounts, which had been assigned to him for collection. The justice to whom these books had been intrusted to sue upon was probably Esquire Bloss, at Freemansburg, and the only fair construction which could be given to this letter is, that as soon as money should be collected from this source he would pay it to Frankenfield. No evidence was given that such money was ever obtained.

Judgment reversed, and *venire facias de novo* awarded.