## Weinberg, Appellant, *v.* Shulman.

*Practice, C. P.—Affidavit of defense—Contract—Conveyancers.*

A conveyancer is not entitled to a judgment for the amount claimed in his statement of claim for preparing certain papers in connection with the sale of defendant's real estate, where the defendant in his affidavit avers that the plaintiff was to be paid at the time of settlement for the real estate, if settlement were made, out of the proceeds thereof, but that by reason of certain judgments entered against the defendant, he was unable to make settlement for the property, and the matter fell through.

Argued Dec. 9, 1912. Appeal, No. 249, Oct. T., 1912, by plaintiff, from order of C. P. No. 1, Phila. Co., June Term, 1912, No. 4,678, discharging rule for judgment for want of a sufficient affidavit of defense in case of Maurice

G. Weinberg v. Barnet Shulman.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover compensation for the preparation of conveyancing papers.

The averments of the affidavit of defense are set forth in the opinion of the Superior Court.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Joseph B. Englander,* for appellant.

No printed brief for appellee.

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiff brought an action to recover $150 alleged to be due for preparing the papers connected with the sale of a lot on Tenth street in Philadelphia belonging to the defendant.   The memorandum of agreement signed by the latter is not self-explanatory, but the statement of claim sets forth that the defendant had sold the property and that the plaintiff was employed to do the necessary conveyancing.   The affidavit of defense alleges that the plaintiff came to the defendant and told him that he had a customer for the property; the defendant asked $5,000 for it and at the suggestion of the plaintiff the price was made $5,200 on the understanding and agreement that one Silverstein was to have $50.00 as commission for finding the purchaser and the plaintiff $150 for drawing the papers, the payments to be made at the time of settlement if a settlement thereon could be had; and it alleges that payment was only to be out of the amount received for the property after settlement was made, but that the title could not be transferred because of certain judgments which were entered against

the defendant.   The negotiations therefore fell through. If this is a correct statement of the case we think it sufficient to prevent judgment.   The plaintiff brought the defendant into the deal and the agreement that he was only to be paid for services in case it was carried through and the amount of the purchase money, $5,200, paid or secured, is not a contradiction of the agreement signed by the defendant.   It would be competent to show in an action on such contract that it was contingent on the success of the effort to sell the property.   We agree, therefore, with the learned judge of the court below that the plaintiff was not entitled to judgment.

The judgment is affirmed.