## Alianell *v.* Schreiner, Appellant.

*Appeals—Granting new trial—Discretion—Abuse of discretion.*
The appellate court will never reverse an order granting a new trial, unless it clearly appears that the trial court abused its discretion by acting arbitrarily or under a plain mistake of fact.

Argued April 10, 1922. Appeal, No. 24, Jan. T., 1922, by defendant, from order of C. P. Luzerne Co., Oct. T., 1917, No. 429, granting new trial, in case of Anthony Alianell v. John W. Schreiner. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Rule for new trial. Before FULLER, P. J.
The opinion of the Supreme Court states the facts.
Rule absolute. Defendant appealed.

*Error assigned* was order, quoting record.

*Abram Salsburg,* with him *Mose H. Salsburg,* for appellant.

*M. J. Donahue, J. P. Lord* and *Rush Trescott,* for appellee, were not heard.

PER CURIAM, May 8, 1922:
The opinion of the court below, granting a new trial, states: "Plaintiff sued for personal injury inflicted on

him by an automobile truck, which, according to his allegation, explicitly denied in the affidavit of defense, was owned by defendant and was being driven in the latter's business by his employee. The sum total of proof to show ownership and agency consisted of plaintiff's testimony, 'Schreiner's truck hit me,' to which another witness added, 'Schreiner's car came up the hill and bumped him.' There was not a scintilla of proof that the 'Schreiner' referred to in this testimony was John W. Schreiner, the defendant......We refused a motion for nonsuit, but gave binding instructions, in favor of defendant, at the close of the testimony, on ground of the above-stated infirmity."

Counsel for plaintiff, having convinced the court below, on his motion for a new trial, that he was misled, by the refusal of a nonsuit, into the belief that his evidence was sufficient to take the case to the jury, and that, if given another opportunity, he could strengthen his proofs by showing the "Schreiner" mentioned in his testimony to be the defendant, the motion was granted, "on condition, however, that plaintiff pay defendant's costs for the term." The order granting the new trial is now assigned for error.

In Hess v. Gusdorff, 274 Pa. 123, we recently said: "On appeal from an order such as the one here complained of, we never reverse unless it clearly appears the trial court abused its discretion by acting arbitrarily or under a plain mistake of law"; this statement, when applied to the present case, calls for the following disposition of the appeal:

The order is affirmed.