# Reist *v.* Wogan, Appellant.

*Appeals—New trial—Grant of new trial—Discretion of court below.*

1. The granting of a new trial is within the power of the trial court, and the appellate court will not interfere with the inherent exercise of that authority, except in cases where the record shows an unmistakable abuse of discretion.

2. Whether evidence of an irrelevant character which crept into the jury box was prejudicial to a party at the trial, is a question for the consideration of the lower court.

Argued May 19, 1924. Appeal, No. 221, Jan. T., 1924, by defendant, from order of C. P. York Co., Aug. T., 1922, No. 87, granting a new trial, in case of William A. Reist v. Franklin H. Wogan. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Motion for new trial. Before WANNER, P. J.
The opinion of the Supreme Court states the facts.
New trial granted. Defendant appealed.

*Error assigned* was order, quoting it.

*Richard E. Cochran,* with him *W. A. Allen* and *George Hay Kain,* for appellant.—A new trial will not be granted, though the verdict be against the opinion of the judge, if it turned on credibility of witnesses: Turnbull v. O'Hara, 4 Yeates 446; Fehl v. Good, 2 Binney *495; Garrigues v. Vodges, 2 P. A. Browne 262; Campbell v. Sprout, 1 Yeates *327.

*John L. Rouse,* with him *David P. Klinedinst,* for appellee, cited: Fulginiti v. Diamond C. & C. Co., 259 Pa. 344; Dougherty v. Andrews, 202 Pa. 633; Hess v. Gusdorff, 274 Pa. 123; Ferry v. Payne, 274 Pa. 466; Class & Nachod B. Co. v. Giacobello, 277 Pa. 530.

PER CURIAM, July 8, 1924:

Plaintiff sued in assumpsit to recover a commission of five thousand dollars claimed to be due him from defendant under an oral contract for securing a purchaser for the Penn Hotel property located in the City of York. At the trial, under conflicting testimony, a verdict was rendered for defendant, which the court subsequently set aside and made absolute a rule for a new trial. That action is the sole reason assigned for error in this appeal, the contention being that in granting a new trial there was a palpable abuse of discretion on the part of the court below.

We have frequently held that the granting of a new trial is within the power of the trial court, and that we will not interfere with the inherent exercise of that authority, except in cases where the record shows an unmistakable abuse of discretion: Hess v. Gusdorff, 274 Pa. 124; Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530. The latter case reviews fully the authorities bearing on this question. An examination of the record fails to show such abuse in this case. It appears that, during the trial, evidence of an irrelevant character crept into the jury box; whether that testimony was prejudicial to plaintiff or not was a question for the consideration of the court below. In referring to the possible effect of the improper testimony, in the opinion granting a new trial, the trial judge says, "But an unusual development at the trial was the apparent hostility of the purchaser towards the interests of the plaintiff in the case. He averred that he had been induced to pay too much for the property in question, and expressed the opinion on the witness stand, when called on behalf of plaintiff, that he and not the plaintiff, should have the commission for the sale of the property because the plaintiff at the time of the sale was employed as defendant's manager of the Hotel Penn.

"This implied unfaithfulness of the employee to his principal's interest was strongly commented upon by

counsel for the defendant in his address to the jury, and to the court, which seemed to have immediate effect with certain members of the jury.

"The court in its charge sought to counteract the probable effect of this matter on the mind of the jury. Its verdict, however, leaves so great a doubt as to the extent of the influence which this incident may have had upon the verdict, that we are of the opinion that a new trial should be granted to make certain of a freer verdict at another trial by the exclusion of such irrelevant and misleading matter from the evidence."

Judgment affirmed.