## Cherry, Appellant, *v.* Peoples Trust Co.

*Insurance—Title insurance—Owner's certificate—Parties—Affidavit of defense—Act of May 14, 1915, P. L. 483.*

1. Where a policy of title insurance is issued to a mortgagee of real estate, and an owner's certificate is issued to the owner wherein the policy is recited, and it is stipulated that if the mortgage is paid off, a new policy will be issued to the owner in his own name, if he continues owner, the latter cannot maintain an action on the policy in his own name, if the conditions stipulated have not been fulfilled.

2. In such case the owner will not be allowed to maintain that the question of his right to sue cannot be raised, because the denial of his standing to do so was not set forth in the affidavit of defense, under the Act of May 14, 1915, P. L. 483.

3. Where it is apparent from plaintiff's own evidence that he is not entitled to recover, he cannot be aided in his effort by defendant's lack of defense.

Argued November 27, 1924.   Appeal, No. 70, Jan. T., 1925, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1923, No. 4944, on verdict for defendant, in case of Harry Cherry v. Peoples Trust Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit on policy of title insurance.   Before MC-CULLEN, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant.   Plaintiff appealed.

*Error assigned* was, inter alia, refusal of judgment for plaintiff n. o. v., quoting record.

*Robert P. Shick,* with him *Edwin C. Emhardt,* for appellant.—Judgment should be here entered in favor of plaintiff for $7,500 non obstante veredicto: McDonald v. Pittsburgh, 278 Pa. 485; Fuller v. Coal Co., 268 Pa. 328; Parry v. Bank, 270 Pa. 556; Stein & Samson v. Slomkowski, 74 Pa. Superior Ct. 156; Ruth-Hastings, etc., Co. v. Slattery, 266 Pa. 288; Meyers v. Trust Co:, 75 Pa. Superior Ct. 40; South Bend Woolen Co. v. Reed, 273 Pa. 140; Young v. Bonding Co., 228 Pa. 373.

*Theodore F. Jenkins,* for appellee.—The policy of insurance having issue to the Progress Building & Loan Association the right of action, if any, is in that association: Edmundson v. Penny, 1 Pa. 334.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1925:

Plaintiff brings this action on a policy of title insurance issued by defendant, not to him, but to the Progress Building & Loan Association, mortgagee of a property which plaintiff owns, his only connection with the policy being that an owner's certificate was also given to him by the company, wherein the issuance of the policy was re-

cited, and in which it was stipulated that if the mortgage should be paid off and satisfied while plaintiff continued in the ownership of the premises, then a new policy would be executed in his name. The mortgage has not been paid off and satisfied and no new policy has been issued to plaintiff; the one which was delivered to the building association is still held by it. Under this state of facts, can plaintiff maintain an action on the policy? The court below was of opinion that he cannot and on the trial gave binding instructions for defendant.

The plaintiff brought suit on an instrument to which he is not a party, and which insures, not his interests, but those of his mortgagee. If the policy alone were to be considered in determining his right to maintain an action on it, not being a party thereto or a beneficiary thereof, obviously he has no such right. The most that plaintiff can make out of the entire situation is that defendant issued to him an owner's certificate, which recited that he had paid the premium for the policy (the policy itself says it was paid by the insured), and provided that in the future, on the happening of certain events, another policy would be issued to him. If we regard all that happened between the three parties as one transaction, while plaintiff might well be considered a party to it, he was not, by the very terms of the contract, to obtain any rights under it until the fulfillment of the express conditions stipulated. Since they have not occurred, he had no present right of action: Young v. Smith, 202 Pa. 329; Funk v. Frankenfield, 71 Pa. 205; Lacy v. Hall, 37 Pa. 360; Chambers v. Jaynes, 4 Pa. 39; Weinburg v. Shulman, 53 Pa. Superior Ct. 64.

Appellant argues that the question of his right to sue cannot be raised, because the denial of his standing to do so was not set forth in the affidavit of defense, citing Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa. 288; Parry v. First Nat. Bank of Lansford, 270 Pa. 556; Zoller v. Hartford Fire Ins. Co., 272 Pa. 386; Dietrich v.

Davies, 274 Pa. 213, and other cases. It was not intended by these decisions to hold that, where it is apparent from plaintiff's own evidence that he is not entitled to recover, he will be allowed to do so merely because the defendant's affidavit of defense does not point to this basic and fundamental infirmity of his action. It is not a question of defendant's failure to put in a specific defense, but of plaintiff's inability to make out a prima facie case. If a plaintiff fails to set up a case, he is not aided in his effort by defendant's lack of defense. The latter is important only after a case has been established, when the question is, not whether a prima facie case exists but, rather, whether such case might be in any way broken down by a possible defense not raised in the affidavit.

While there are other matters brought to our attention which it is argued prevent recovery, they need not be considered, as the one adverted to disposes of the case.

Judgment affirmed, without prejudice.