# Rittenhouse, Appellant, v. Exeter Machine Works, Inc.

*Appeals—New trial—Practice, C. P.—Discretion of court—Error of law.*

1. An order granting a new trial will not be reversed on appeal unless the record demonstrates that it was caused alone by a clear error of law, or was based on a palpable abuse of discretion.

*Principal and agent —Brokers —License —Evidence —Cross-examination—Affidavit of defense—Practice.*

2. In an action by an agent for commissions on sales, where plaintiff shows by his own testimony that he was engaged as a general broker during the period covering his dealings with defendant, he may be cross-examined as to whether he had a broker's license and had paid the state tax on his business; and this is the case, although there is no averment in the affidavit of defense as to his being a broker, or that he had failed to comply with the statutory requirements.

Argued April 14, 1925. Appeal, No. 107, Jan. T., 1925, by plaintiff, from order of C. P. Luzerne Co., Dec. T., 1921, No. 301, granting new trial, in case of Henry L. Rittenhouse, trading as Read-Rittenhouse Co. v. Exeter Machine Works, Inc. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for commissions on sales.

Motion by defendant for new trial after verdict for plaintiff. Before JONES, J.

The opinion of the Supreme Court states the facts.

New trial granted. Plaintiff appealed.

*Error assigned* was order, quoting record.

*James L. Morris,* with him *Cole B. Price,* for appellant.

*Richard B. Sheridan* and *E. C. Jones,* for appellee, were not heard.

PER CURIAM, May 4, 1925:

Henry L. Rittenhouse, trading as the Read-Rittenhouse Company, sued the Exeter Machine Works, Inc., to recover certain commissions alleged to be due him from the latter, for acting as sales agent, pursuant to an

agreement made between them. At trial, plaintiff testified, on cross-examination, that his business was that of manufacturers' representative in the sale of steel and allied products; and that, in addition to acting as defendant's sales agent, he transacted business of the same general character for other concerns,—indicating, as defendant contends, that plaintiff was conducting the business of a broker. Counsel for defendant thereupon sought to cross-examine plaintiff as to his payment of a broker's license, required by the Act of May 7, 1907, P. L. 175. Plaintiff objected that there was no averment in the affidavit of defense as to his being a broker or that he had failed to comply with the statutory requirements in question. The objection was sustained, under exception, and the cross-examination was not permitted. The jury found for plaintiff. Defendant moved for a new trial, the principal reason in support of this motion being that, since plaintiff had sworn by his own testimony that he was engaged as a broker during the period covering his dealings with defendant, the trial judge erred in refusing to permit the latter's counsel to cross-examine plaintiff as to whether he had a broker's license and had paid the state tax on his business. The court in banc granted a new trial, that the "question whether the plaintiff was actually engaged in the business of a merchandise broker at the time......he rendered the services for which he brought suit," might be properly developed, and, if necessary, submitted to a jury. The present appeal is from the order granting the new trial.

The view of the court below that, under the circumstances as they existed at the last trial, the cross-examination was permissible, is sustained in principle by Sloan v. Miller, 275 Pa. 452 (see also Cherry v. Peoples Trust Company, 282 Pa. 52, 54, 55); therefore, even if the grant of a new trial was based solely on that theory, we cannot say it was wrong. On appeals such as the one now before us, this court never reverses unless the record

demonstrates that the order complained of was caused alone by a clear error of law or was based on a palpable abuse of discretion; neither of which appears in the present case: Weiss v. London Guar. & Accident Co., Ltd., 282 Pa. 127; see also Simmons-Boardman Pub. Co. v. American Boron Products Co., 282 Pa. 521.

The order appealed from is affirmed.