## Root v. Hershey et al., Receivers of the Lancaster County Farmers Supply Company.

*Replevin — Identical goods — Statement — Affidavit of defence — Acts of April 19, 1901, May 14, 1915, and May 19, 1915.*

1. A plaintiff in replevin is entitled to recover only the identical goods to which he is entitled to possession, and where he has purchased by a present sale a thousand bushels of oats from the defendant, he cannot recover by replevin an equal amount of the same kind and quality from the defendant without alleging that it is the same identical oats that he purchased, though the defendant might be liable for damages for failure to replace the oats purchased.

2. Unless a plaintiff's statement shows a good cause of action, he is not entitled to judgment for want of a sufficient affidavit of defence.

3. The Practice Act of May 14, 1915, P. L. 483, does not apply to actions of replevin which are under the Act of April 19, 1901, P. L. 89, and judgment cannot be entered for the defendant on an affidavit raising a question of law in a replevin suit.

4. The Sales Act of May 19, 1915, § 6, P. L. 543, considered.

Replevin. Affidavit of defence raising a question of law, and rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., March T., 1925, No. 51.

*Guy K. Bard*, for plaintiff.

*M. E. Musser* and *H. Frank Eshleman*, for defendants.

HASSLER, J., June 27, 1925.—The plaintiff issued this writ of replevin to obtain possession of 658 bushels of oats. In his statement he alleges that on or about Oct. 13, 1924, he purchased 1000 bushels of oats from the Lancaster County Farmers Supply Company, for which he paid and which he left in possession of the said company, it having been orally agreed between them that they were to remain in the company's bins, mixed with other oats of the

Root v. Hershey et al., Receivers of Lancaster County Farmers Supply Company.

same kind and quality belonging to it. It was agreed that they were either to be chopped into feed for the plaintiff by the company or removed by him. The plaintiff did obtain 342 bushels of the oats so purchased, leaving 658 bushels in possession of the company. He also alleges that on Jan. 24, 1925, more than three months after he bought and paid for the oats, the defendant receivers for said company were appointed and took possession of all of its property. He alleges, also, that at the time of the appointment of said receivers there was in the said company's possession 658 bushels of oats of the *kind and quality* which he had purchased under the aforesaid oral agreement. He does not allege that the identical oats purchased by him were among those then in its possession. An affidavit of defence was filed. The plaintiff, contending that it is not sufficient to prevent judgment, obtained this rule for judgment for want of a sufficient affidavit of defence.

We do not think that there is anything in the affidavit of defence sufficient to prevent judgment, if under the statement the plaintiff is entitled to judgment. It is well settled that unless plaintiff's statement shows a good cause of action, he is not entitled to judgment for want of a sufficient affidavit of defence: Holland v. Sunbury Iron Works, 9 Pa. Superior Ct. 261; Bordentown Banking Co. v. Restein, 214 Pa. 30; Cherry v. Trust Co., 282 Pa. 52.

The Sales Act of May 19, 1915, § 6, P. L. 543, provides:

"1. There may be a contract to sell or a sale of an undivided share of goods. If the parties intend to effect a present sale, the buyer, by force of the agreement, becomes an owner in common with the owner or owners of the remaining shares.

"2. In the case of fungible goods, there may be a sale of an undivided share of a specific mass, though the seller purports to sell, and the buyer to buy, a definite number, weight or measure of the goods in the mass, and though the number, weight or measure of the goods in the mass is undetermined. By such a sale the buyer becomes owner in common of such a share of the mass as the number, weight or measure bought bears to the number, weight or measure of the mass. If the mass contains less than the number, weight or measure bought, the buyer becomes the owner of the whole mass and the seller is bound to make good the deficiency from similar goods, unless a contrary intent appears."

In the present case, according to the allegations in the statement, the parties intended to effect a present sale to the plaintiff of 1000 bushels of oats, and even though they were not separated from the mass, but mixed with other oats, the plaintiff became the owner of them and was entitled to their possession. If the Lancaster County Farmers Supply Company did not have the oats which the plaintiff bought in its bins when he wanted possession of them, it was bound to make up the deficiency from similar goods, according to the contract. This only imposed the duty upon the company to replace oats belonging to the plaintiff which it had used. Failure to do this made it liable to the plaintiff in damages for breach of contract, but did not give him title to other oats which he had not purchased.

Replevin is a remedy to place one in possession of goods or chattels of which he has the title and to which he has a right of possession. Under this writ, therefore, the plaintiff was entitled to possession of the oats which he purchased, but not of any other oats. In his statement he does not allege that the defendants have the 1000 bushels of oats which he purchased, or any part thereof. He alleges that they have in their possession oats of the kind and quality which he purchased from the company. He is not entitled to possession of such oats or any oats unless he avers that they are the identical oats

Root v. Hershey et al., Receivers of Lancaster County Farmers Supply Company.

which he purchased from the company, or that his oats are part of those in the defendants' possession. Having failed to do this, he is not entitled to judgment for want of a sufficient affidavit of defence.

The defendants in their affidavit of defence ask us to enter judgment in their favor. This we cannot do. The proceeding is under the Act of April 19, 1901, P. L. 88, which relates only to actions of replevin, and is not under the Practice Act. The Practice Act of May 14, 1915, P. L. 483, does not apply to actions of replevin, but only to actions of contract and trespass. So that a provision allowing judgment to be entered for the defendants on an affidavit raising a question of law has no application in this case.

The rule for judgment for want of a sufficient affidavit of defence is discharged.

From George Ross Eshleman, Lancaster, Pa.