# Highland Mantel and Tile Company, Appellant, *v.* Wilson.

*Practice C. P.—New trials—Discretion of court.*

On an appeal from a judgment awarding a new trial, evidence is not to be passed on by the appellate court, except as to its legal effect

in some isolated and all-controlling particular in which its verity is admitted.

The Act of April 9, 1925, P. L. 221, does not deprive the court below of its immemorial right to grant a new trial, whenever, in its opinion, the justice of the particular case so requires; nor does it change the established practice in cases where an appeal is taken from an order directing a new trial, to wit, that the order will not be reversed and judgment entered for appellant unless the appellate court is convinced that the court below abused its discretion in awarding a new trial.

In the absence of clear error of law, or a palpable abuse of discretion, an order awarding a new trial will not be disturbed.

Argued April 26, 1926. Appeal No. 28, April T., 1926, by plaintiff, from judgment of C. P. Allegheny County, April T., 1923, No. 1994, in the case of Highland Mantel and Tile Company v. John S. Wilson. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Sci. Fa. sur mechanic's lien. Before KLINE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $920. Subsequently the court, on motion, awarded a new trial. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*John A. Metz,* for appellant.

*George J. Shaffer,* for appellee.

OPINION BY KELLER, J., July 8, 1926:

Plaintiff appeals, under the Act of April 9, 1925, P. L. 221, from the action of the court below, declining to enter judgment non obstante veredicto in his favor and ordering a new trial. He proceeds, apparently, on the theory that the Act of 1925, supra, requires us to sustain his appeal if the evidence taken on the trial,

and certified as part of the record, warranted the entry
of judgment in his favor notwithstanding the verdict.
He has misconstrued the effect of that statute.  The
Supreme Court in the very recent case of March v.
Phila. & West Chester Traction Co., 285 Pa. 413, has
considered the Act exhaustively and put a different
interpretation upon it.  The opinion by Mr. Justice
SIMPSON points out ''that the statute does not attempt
to deprive the court below of its immemorial right to
grant a new trial, whenever, in its opinion, the justice
of the particular case so requires'' (p. 416); nor
change the established practice in cases where an ap-
peal is taken from an order directing a new trial, to
wit, that the order will not be reversed and judgment
entered for appellant unless the appellate court is con-
vinced that the court below abused its discretion in
awarding a new trial; and the rules applicable in pass-
ing upon the question of abuse of discretion in such
case, which were summarized with so much clarity in
Class & Nachod Brewing Co. v. Giacobello, 277 Pa.
530, 538, are reaffirmed as unaffected by the Act of
1925 (p. 417).  It is not necessary for us to restate
them here or do more than note that this case does not
fall within any of the exceptions, as therein listed,
from the general rule that an order granting a new
trial will not be reviewed in the appellate courts.  In
the present case the consideration of oral evidence is
necessarily involved.  The result of the action—a
scire facias sur mechanic's lien—must largely de-
pend on, (1) whether defendant ordered the work but
requested the plaintiff to charge and bill the account
to the former's tenant; (2) whether plaintiff accepted
the tenant's note in payment of the account, with the
understanding that its acceptance released the defend-
ant of liability; (3) when the plaintiff's contract was
completed.  No statute or point of law, unaffected by
these considerations—which are dependent on oral

evidence—can possibly govern the case. Hence it is not our duty on this appeal to pass on the evidence further than to determine whether the above condition exists. The "testimony is not to be passed on by us, unless purely as to its legal effect in some isolated and all-controlling particular wherein its verity is admitted": March v. Traction Co., supra, p. 418.

Following the rule laid down by the Supreme Court, we will not interfere with the inherent power of the trial court to grant a new trial except in cases where the order was based alone on a clear error of law or constituted a palpable abuse of discretion: Rittenhouse v. Exeter Machine Works, 283 Pa. 304, 307; Reist v. Wogan, 281 Pa. 107, 108; neither of which appears here.

The appeal is dismissed.