Dormont Motors, Inc., for use, Appellant, *v.* Hoerr.

Argued May 2, 1938.

568

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER and RHODES, JJ.

*Harold L. Rothman,* with him *H. Lee Ratner,* and *Morris Linton,* for appellant.

*James T. Philpott,* with him *Harry A. Estep,* for appellee.

OPINION BY PARKER, J., September 28, 1938:

This is an appeal from an order opening a judgment entered on a verdict of a jury and granting a new trial where the application for relief was not made by the defendant until after two terms had expired following the entry of the judgment. We are of the opinion that under the facts shown the judgment should not have been disturbed.

The action is replevin and was brought to recover possession of an automobile claimed by the plaintiff. The writ issued after a bond was given by the plaintiff and was served by the sheriff who took possession of the automobile and delivered it to the plaintiff. The cause came to trial and on January 8, 1936, the jury

rendered a general verdict for the defendant without assessing damages. The plaintiff promptly filed motions for judgment n. o. v. in its favor and for a new trial. Among the reasons assigned for a new trial was the following: "The verdict of the jury failed to find the value of the goods replevined." The motions were set down for argument and on February 28, 1936, both motions were refused at request of defendant. On July 6, 1936, the jury fee having been paid by the defendant, judgment was entered on the verdict. A writ of retorno habendo was issued and the sheriff returned that after diligent search he was unable to locate the automobile and that the use plaintiff had no knowledge of its whereabouts. The defendant also caused a writ of inquiry to be issued which was proceeded on, but subsequently the findings in the inquisition were set aside. Two appeals to this court were taken, both of which were withdrawn before argument.

On March 10, 1937, a petition was presented to the court below asking for a reargument of the motion for a new trial. The motion was granted and the court, after reargument, set aside the verdict and the judgment entered thereon and awarded a new trial. The motion for reargument was not made until after the term had passed when the judgment was entered and an additional term had expired. From that order the plaintiff has appealed and the question now raised is whether it was proper for the court to strike off the judgment and grant a new trial after two terms had expired.

Counsel for appellee have cited a large number of cases showing the discretion lodged in the court to grant a new trial and the limited circumstances under which an appellate court will interfere with the exercise of that discretion by the trial court. That is not the question here presented. It is sufficient to say that when a new trial is granted by a trial court on *timely*

application we will not "interfere with the inherent power of the trial court to grant a new trial except in cases where the order was based alone on a clear error of law or constituted a palpable abuse of discretion": *Highland M. & T. Co. v. Wilson,* 88 Pa. Superior Ct. 193, 196; *Hess v. Gusdorff,* 274 Pa. 123, 117 A. 671; *Rittenhouse v. Exeter Machine Wks.,* 283 Pa. 304, 307, 129 A. 91; *Reist v. Wogan,* 281 Pa. 107, 108, 126 A. 249. The appellant here relies upon the facts that although a motion was made for a new trial and refused, the application for a reconsideration of the question was not made until two terms had expired after the adverse judgment was entered and then for a reason which had been originally assigned. If the trial court had granted the motion for a new trial when the motion was originally made, those principles would have been applicable.

"Judgments by confession or upon default remain indefinitely within the control of the court, and upon proper cause shown may be opened up or vacated at any time; but not so with respect to judgments obtained adversely. The power committed to the discretion of the court with respect to the latter has a fixed limitation. The cases cited, and to these may be added, *Stephens v. Cowan,* 6 Watts 511, and *Fisher v. Railway Co.,* 185 Pa. 602, hold, in the most conclusive way, that at the expiration of the term at which it was entered the common-law power of the court to set aside a judgment regular on its face, ends": *Penna. Stave Co.'s Appeal,* 225 Pa. 178, 180, 73 A. 1107. Also, see *McCready v. Gans,* 242 Pa. 364, 89 A. 459; *Hill v. Egan,* 2 Pa. Superior Ct. 596; *Kappel v. Meth,* 125 Pa. Superior Ct. 443, 450, 189 A. 795. "A court at a subsequent term cannot set aside a judgment duly rendered for errors of law committed by the court": *Betts v. Y. M. C. A.,* 88 Pa. Superior Ct. 568, 573.

The rule that an adverse judgment may not be opened after the expiration of the term has been relaxed only

when fraud appeared or there were circumstances that presented a strong reason for equitable relief. The cases that follow illustrate the exception. *Trestrail v. Johnson,* 297 Pa. 49, 146 A. 150, was a case where a judgment was directed to be entered by the court and was entered in the judgment docket but not in the appearance docket. *Haverford Twp. School District v. Herzog,* 314 Pa. 161, 171 A. 455, was another case involving a similar principle. There a judgment was entered by the prothonotary who had not the power to enter such a judgment. The Supreme Court in that case said that the judgment "was a nullity and without legal effect." In *New Prague F. Mill Co. v. Kirschner,* 70 Pa. Superior Ct. 74, it was held that the judgment opened was not wholly an adverse judgment but was of such a hybrid nature as to take it out of the operation of the rule. In *Salus v. Fogel,* 302 Pa. 268, 153 A. 547, the judgment was entered on the last day of a term on a verdict obtained when plaintiff and his counsel were absent. The ground for equitable relief was held to be sufficiently strong since the application was made on the first day of the succeeding term within a few days after the filing of the order and the judgment was a statutory one and not a common law judgment. Each of these cases involved what was described by this court in *O'Donnell v. Flanigan,* 9 Pa. Superior Ct. 136, as such an "extraordinary cause" as would justify the intervention of the court. *Hambleton v. Yocum,* 108 Pa. 304, was a case where it was alleged that the judgment was obtained by fraud.

While the defendant, by the verdict rendered in the case we are considering, did not get all he was entitled to when the original judgment was entered, that judgment was not a nullity. Since the Replevin Act of April 19, 1901, P. L. 88 (12 PS §1824, et seq.), where in an action in replevin there is a general judgment without an assessment of damages it is good as far

as it goes and will sustain a writ of retorno habendo: *Reber v. Schroeder,* 221 Pa. 152, 70 A. 556. Not only did the defendant fail to make application for the new trial or reargument until after two terms had expired, but a motion for a new trial had been made and at his instance discharged and in that motion there was assigned the same reason as is now relied upon.

"The doctrines we have been considering have a very definite purpose; there must be a point at which litigation, such as is here involved, is deemed to be terminated": *Kappel v. Meth,* supra (p. 450). There was here no allegation of fraud and we are unable to discover any strong equities which would justify a departure from the rule. "In no case is ignorance or mistake of the law, with a full knowledge of the facts, per se, a ground for equitable relief": *Norris v. Crowe,* 206 Pa. 438, 448, 55 A. 1125. Also, see *Penna. Stave Co.'s Appeal,* supra (p. 182).

The case of *Hambleton v. Yocum,* supra, relied upon by the court below, involved a clear allegation of fraud and therefore is of no help to the appellee. Counsel for the appellee also cite a number of cases where the appellate courts have refused motions for judgment n. o. v. but have granted, on their own motion, a new trial. These cases are likewise not applicable for there was not a final judgment until the appeal was disposed of by the appellate court.

We are all of the opinion that the court below exceeded its power in striking off the judgment and awarding a new trial.

The order of the court below is reversed and the judgment entered upon the verdict is reinstated and the record is remitted with instructions to discharge the rule to show cause why the original motion for a new trial should not be reargued and the judgment opened.