Thomas C. Clark et al., Appellants *v.* Chester H. Troutman et al., Appellees

Argued September 13, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

· *Edward G. Mihalik, Jr.,* for appellants.

*Charles J. Ax, Jr.,* for appellees.

OPINION BY JUDGE MACPHAIL, December 15, 1983:

Thomas C. Clark and other elected public officials of Snyder County (Appellants) appeal from the May 4, 1982 order of the Court of Common Pleas of the 17th Judicial District, Snyder County Branch, which sustained the petition to stay execution and the petition to open judgment, of the Commissioners and Treasurer of Snyder Couny (Appellees). The court of common pleas in its order also dismissed Appellants' action in mandamus, vacated its own order of November 21, 1978, and terminated writs of execution on the 1978 order. Appellants seek a reversal of the trial court's order and a remand so that they may recover amounts unpaid under the judgment entered on the order of the trial court dated November 21, 1978.

The original action in the trial court arose after the legislature passed an amendatory act to the general

salary provisions,[1] providing salary increases for elected county officials. Appellants, who were elected to office in 1975, filed an action in mandamus in October 1978, seeking the salary increases provided by Act 223. In November 1978, both parties to the mandamus action submitted a petition for declaratory judgment,[2] which resulted in the order of November 21, 1978, that Appellants be paid annual salaries at the rate established by Act 223.[3] On July 5, 1979, Appellants filed a

---

[1] The Act of November 1, 1971, P.L. 495, *as amended*, 16 P.S. §§11011-1—11011-13. We are concerned here with the amendment contained in the Act of October 7, 1976 (Act 223), P.L. 1101, which was in effect when Appellants brought their action in the court of common pleas.

[2] Pa. R.C.P. No. 1602 provides that in any action, a party may include in the request for relief a prayer for declaratory judgment. Presumably, the intended effect of the joint petition here was to add a request for declaratory judgment to the mandamus complaint. It is apparent from the trial judge's order that he intended to dispose of all the claims for relief in the mandamus action.

[3] The order of November 21, 1978 reads as follows:

AND NOW, this 21st day of November, 1978 the petition for declaratory judgment dated this day is hereby sustained; and IT IS HEREBY ORDERED AND DECREED that as salaries of County Officers are controlled by Article IX, §4, of the Constitution of Pennsylvania, and as Article III, §27 of Pennsylvania Constitution has been determined by the Court of Common Pleas of Cambria County, Pennsylvania, in the case entitled *Oblackovich v. McCormick*, Civil No. 1977-482, decided June 26, 1978 to be applicable only to salaries of State Legislators, the Snyder County Commissioners are directed to pay annual salaries effective October 20, 1978 to the District Attorney of Snyder County in the amount of $13,500.00; to the Prothonotary and Clerk of Courts of Snyder (sic) in the amount of $13,500.00; and to the Sheriff of Snyder County in the amount of $12,500.00.

*Oblackovich v. McCormick*, 7 D. & C.3rd 590 (1978), held that Article III, §27 of the Pennsylvania Constitution was applicable only to salaries of state legislators and that therefore, incumbent county officials were entitled to the salary increases provided by Act 223.

praecipe for final judgment pursuant to which the prothonotary entered the following on the docket, "Final judgment is hereby entered".[4] Neither the order nor the judgment was appealed. The Appellants were paid the increased salaries from October 20, 1978, until the Appellees reduced the salaries to their original levels for the pay period ending July 6, 1979.

Our Supreme Court, in *Bakes v. Snyder*, 486 Pa. 80, 403 A.2d 1307 (1979), decided June 29, 1979, held that our Constitution[5] prohibits salary increases to an elected public official during his tenure. County officials, such as the Appellants in the instant case, fall within this prohibition. *Id.*

Following the *Bakes* decision, the Appellees reduced the Appellants' salaries to their prior levels. Appellants issued a writ of execution on July 31, 1979 for the difference between the salaries due under Act 223 and the salaries actually paid to Appellants for the pay period ending July 6, 1979, the sum of $423.09. Appellees, on September 28, 1979 filed petitions to open judgment and stay execution, whereupon the trial court entered its order of May 4, 1982, the subject of this appeal.[6]

---

[4] This action was taken, presumably, by virtue of that part of the trial court's order which directed payment of the increased salaries to Appellants.

[5] Pa. Const. art. III, §27.

[6] The order of May 4, 1982 reads as follows:

AND NOW, this 4th day of May, 1982, upon consideration of the recent decision of the Commonwealth's Court entitled "In The Matter of the Act of October 7, 1976, P.L. 1101, No. 223, Providing for Increase in Salaries of County Officers—John R. Kestler, Treasurer of Elk County" to No. 2479 C.D. 1979, filed April 5, 1982, and Bakes v. Snyder, 486 Pa. 80, 403 A.2d 1307 (1979), it is determined that defendants' petition to stay execution and petition to open judgment must be sustained; therefore, without proceedings to open, it is hereby ORDERED that plaintiffs' action in

Absent any other proceedings, there is no doubt the trial court is correct in deciding that Appellants, in light of *Bakes,* would not be entitled under Act 223 to receive salary increases after June 29, 1979. The more difficult question in the instant case arises because Appellants have a final, unappealed judgment under which they *are* entitled to the increases.[7] That the judgment was a result of a misinterpretation of law does not alter its finality. The facts of the present case do not fall within the provisions of Restatement (Second) of Judgments §71 (1980), wherein it is said that a judgment which results from a mistake of fact or law may be avoided under certain conditions. As we have said, the nature of the mistake here was one of misinterpreting the law, which is not a condition set forth in Restatement (Second) of Judgments §71 (1980).

Restatement (Second) of Judgments §17 (1980) instructs us that a valid and final personal judgment is conclusive between the parties except on appeal or other *direct* review. As we have noted, there was no appeal from the judgment entered on the trial court's order of November 21, 1978. If we permit that judgment to be set aside now because of the decision in *Bakes,* nothing would prohibit the reopening or invalidation of any judgment when the interpretation of a law upon which that judgment is based is subsequently

mandamus be and is hereby dismissed, the order of court dated November 21, 1978 vacated, and present writs of execution issued thereon terminated, the costs to be paid by Snyder County.

[7] As we have noted, that portion of the trial court's order entered November 21, 1978 which granted declaratory judgment relief is a final judgment and it preceded the *Bakes* decision. The judgment taken by the Appellants on July 5, 1979 was a derivative of the November 21, 1978 order-judgment. We conclude therefore, that as of November 21, 1978 Appellants had a valid judgment against Appellees.

and substantially changed. Such a result would create chaos in the law.[8]

Appellees contend that our decision in *Kestler*, 66 Pa. Commonwealth Ct. 1, 444 A.2d 761 (1982), resolves the instant question. In *Kestler*, an adjudication by the court of common pleas[9] resulted in payment to county officials of Elk and Cameron Counties of the increased salaries enacted in Act 223. Subsequent to the *Bakes* decision, Elk and Cameron Counties sought a judicial determination of whether the officials should refund the increases thus received.[10] In revers-

---

[8] It is true that the *Bakes* decision, which is not declared therein to be prospective only, is generally entitled to retrospective application and that the construction placed upon Act 223 by that decision becomes a part of the Act from its very beginning. *Buradus v. General Cement Products, Co.*, 159 Pa. Superior Ct. 501, 48 A.2d 883 (1946), *aff'd*, 356 Pa. 349, 52 A.2d 205 (1947).

There are two important exceptions to the general rule: (1) if the decision establishes a new principle of law, either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed, then the decision is entitled to prospective application only, *Schreiber v. Republic Intermodal Corp.*, 473 Pa. 614, 375 A.2d 1285 (1977) and (2) where persons have acted to their detriment upon a contrary interpretation of the law, their rights, having become vested, the retrospective application of the court's most recent interpretation of a statute will not disturb those rights. *Kuchinic v. McCrory*, 422 Pa. 620, 222 A.2d 897 (1966) ; *Catherwood Trust*, 405 Pa. 61, 173 A.2d 86 (1961). In the instant case, whether or not *Bakes* is entitled to retrospective effect as to litigants generally, it cannot affect Appellants' rights obtained under a judgment which preceded the date of the decision.

[9] Adjudication of December 19, 1978, *In the Matter of the Act of October 7, 1976, P.L. 1101* (No. 78-1321, Fifty-Ninth Judicial District, Elk County Branch, filed December 19, 1978).

[10] A petition for declaratory judgment resulted in the order of October 29, 1979, refusing to order the affected public officials to refund the pay increases and ordering that salaries be paid to the officials at pre-Act 223 levels. *In the Matter of the Act of October 7, 1976, P.L. 1101* (No. 78-1321, Fifty-Ninth Judicial District, Elk County Branch, filed October 29, 1979).

ing the court of common pleas' decision that those officials need not refund the increases they received prior to *Bakes,* this Court did not discuss the effect of a preceding judgment, therefore, our decision there could not be controlling here.[11] This is a distinction with a difference between *Kestler* and the case which we now decide.

The Appellees in the instant case had ample opportunity to appeal the initial judgment against them. They failed to do so. It was only the subsequent *Bakes* decision by our Supreme Court which prompted them to act. "That a subsequent change in the judicial view of the law shall have no effect on a valid prior adjudication of the rights of the parties is a necessary and logical deduction from the basic policy of the doctrine of res judicata." *In re: Estate of Tower,* 463 Pa. 93, 101-02, 343 A.2d 671, 675 (1975). Appellees offer no argument that res judicata is inapplicable; instead, they appeal to the inherent power of the court to act where equity so requires. In fact, there are equitable considerations on both sides of this litigation.

We recognize that public policy is concerned with the outcome of this case, but we cannot use public policy to shrug off the distinctions between the facts of the instant case and those cited as authority by Appellees.[12]

---

[11] We assume that since the Court did not discuss the issue, it was not raised.

[12] Cases relied upon by Appellees concern the inherent power of the court to correct its own clerical or factual errors. *Davis v. Commonwealth Trust Company,* 335 Pa. 387, 7 A.2d 3 (1939) ; *Great American Credit Corporation v. Thomas Mini-Markets, Inc.,* 230 Pa. Superior Ct. 210, 326 A.2d 517 (1974). Absent fraud or other extraordinary circumstances, a judgment may not be opened after the expiration of the appeal period. *See e.g., Dormont Motors, Inc. v. Hoerr,* 132 Pa. Superior Ct. 567, 1 A.2d 493 (1938). Considering the clear statements of *Tower,* we cannot find that the facts of the instant case constitute "extraordinary circumstances".

For the foregoing reasons, we hold that Appellants are entitled to the writ of execution they secured on August 1, 1979; that the trial court erred when it opened the judgment based upon *Bakes;* and, that the trial court, having ordered relief on the mandamus action pursuant to which judgment was taken, was without authority thereafter to dismiss the mandamus action "without proceedings to open".

Appellees urge that we order Appellants to refund the increased salaries which they have received, but Appellees failed to raise the issue below and have failed to cross-appeal.[13] Moreover, in light of our discussion and holding above, further consideration of this issue is unnecessary.

Order reversed.

### ORDER

The order of May 4, 1982, of the Court of Common Pleas of the 17th Judicial District, Snyder County Branch, is reversed.

---

[13] While, as this Court stated in *Kestler,* an issue not previously raised may be considered on appeal where public policy is concerned, the issue must be *raised* on appeal as clearly was done in *Kestler.*

---

DISSENTING OPINION BY JUDGE BARRY:

I dissent. It is difficult to object to the logic of the excellent majority opinion. I cannot, however, sanction the violation of an oath to uphold the Pennsylvania Constitution. I believe that obligation is greater than upholding the sanctity of a judgment. I would affirm the orders of the 17th Judicial District, Snyder County Branch, and not consider such affirmance a precedent for any other case which attempts to open a judgment unless the facts are similar to the instant case and a constitutional question is similarly involved.